[No. 20868. In Bank. — December 28, 1891.]

Ex parte ROBERT GORDAN, on Habeas Corpus.

Contempt — Order to Show Cause in Person — Appearance by Attorney — Jurisdiction — Habeas Corpus. — Where a defendant is summoned, without an attachment, warrant of arrest, or subpœna, under an order to show cause in person why he should not be punished for contempt in failing and refusing to obey a previous order of court, that part of the order which commands him to appear in person is beyond the power of the court; and if he appears by his attorney, and offers to show cause by his sworn answer and by other affidavits, an order for his arrest for contempt for not appearing personally has no jurisdictional basis, and he will be discharged from such arrest upon *habeas corpus*.

APPLICATION to the Supreme Court for discharge upon writ of *habeas corpus*. The facts are stated in the opinion of the court.

*J. D. Sullivan*, and *James G. Maguire*, for Petitioner.

*Henry I. Kowalsky*, and *T. J. Crowley*, for Respondent.

McFARLAND, J.— The petition herein is by Solomon Gordan, praying that Robert Gordan may be restored to his liberty.

The facts are as follows: Robert Gordan was plaintiff in an action for divorce against his wife, Elka Gordan. Judgment was rendered in said case in favor of plaintiff therein, on December 8, 1887, granting the divorce, but providing that the infant child of the parties, Leah Gordan, until further order, "be placed in the charge and custody of the grandmother, Sarah Patek, to be by her sustained at the expense of the plaintiff, Robert Gordan."

In January, 1890, the said Sarah Patek filed a petition in which she stated that Gordan had been paying her twenty-five dollars per month for the support of said child down to November, 1889; that for November and December, 1889, he had not paid anything; and that twenty-five dollars per month was not sufficient. She prayed that the court order him to pay fifty dollars for the two back months, and for the future, forty dollars

per month. Gordan answered, and set up various reasons why such order should not be made. After a hearing, the court, on January 25, 1890, ordered him to pay said fifty dollars, and also thereafter to pay said Sarah thirty dollars per month. There seems to have been no further trouble until some time in 1891; but on June 27, 1891, the said Sarah Patek filed another petition, in which she stated that in February, 1891, said Gordan has ceased paying said thirty dollars per month. Whereupon the court made an order, on June 27, 1891, "that said Robert Gordan be and appear *in person*" before the court on July 3, 1891, to show cause "why he should not be punished for contempt in failing and refusing to obey" the order requiring him to pay said thirty dollars per month, and "why he should not pay the costs reasonably incurred in this matter." This order was served on Gordan on June 29, 1891, in San Francisco, where he resided, the court making the order being the superior court in and for the county of Solano. On said July 3, 1891, said Gordan appeared in court by his attorney, Herbert Choynski, who, on behalf of Gordan, offered to file the sworn answer of the latter, and certain affidavits in response to the order to show cause. But the court refused to receive the affidavits, or to hear the proceeding on its merits, because Gordan was not personally present, and because his counsel admitted that when last seen he "appeared to be in good health," and "physically able to attend court." Whereupon the court ordered the sheriff to call the said Gordan at the court-house door, and no response having been made to the call, the court entered an order reciting the said facts, and adjudging that said Gordan was guilty of contempt in not appearing personally in court, and ordering a writ of attachment to issue to the sheriff, commanding him to arrest said Gordan and hold him in custody until the opening of the court, and then bring him before the court. Pursuant to said order, such writ was issued, and Gordan was arrested; and by virtue of said writ the sheriff claims to hold the said Robert Gordan.

We do not deem it necessary to examine the points made by petitioner, that the original order to pay money to Sarah Patek was invalid because she was not a party to the divorce suit, and that the alleged contempt having been committed, if at all, without the immediate presence of the court, there should have been an affidavit stating the facts constituting the contempt, as provided in section 1211 of the Code of Civil Procedure. The alleged contempt for which Gordan is held in custody is, not the refusal to obey an order requiring him to pay money, but his failure to appear *in person* in response to the notice to show cause.

In civil proceedings, and even in many criminal proceedings not involving a felony, a party may appear in person or by counsel. Of course, in proper cases, he may be taken under attachment or warrant of arrest; and, within certain territorial limits, a person may be compelled to attend court as a witness by the process of subpœna. But in the case at bar, Gordan was merely summoned to appear in court on a certain day, and show cause why a certain thing should not be done. He appeared on said day by counsel, and offered to show cause. This he had a right to do, and the court should have proceeded to hear and determine the issue before it. That part of the order which commanded him to appear in person the court had no power to make; and the subsequent order for his arrest, for not appearing personally, had no jurisdictional basis.

It is ordered that the said Robert Gordan be discharged from custody.

De Haven, J., Garoutte, J., Harrison, J., and Sharpstein, J., concurred.