[Civ. No. 2019.   Third Appellate District.—June 13, 1919.]

HERMAN FROST, Petitioner, v. THE SUPERIOR COURT OF MODOC COUNTY et al., Respondents.

[1] WRIT OF REVIEW — FINAL ADJUDICATION OF SUBJECT MATTER NECESSARY.—Review of a proceeding had by an inferior tribunal through a writ of *certiorari* should not be allowed unless in such a proceeding there has been a final adjudication or determination of the subject matter thereof.

[2] ID.—CONTEMPT PROCEEDINGS—ORDER TO JUDGMENT DEBTOR NOT FINAL.—An order directing a judgment debtor to appear before a referee to answer on oath concerning his property does not constitute a final order in a contempt proceeding instituted against such judgment debtor for failing to obey such order.

1. *Certiorari* to review contempt proceedings, note, Ann. Cas. 1914D, 216.

[3] Id.—Jurisdiction of Superior Court—Right to Exercise to Final Judgment.—Whether such contempt proceedings are instituted under the provisions of section 714 or those of section 715 of the Code of Civil Procedure, the superior court has jurisdiction to hear and determine such proceedings, and such court, on all proper occasions, is to be permitted without interruption to exercise such jurisdiction until its judgment, following from the employment of the power given it by the statute in that respect, has become final.

[4] Id.—Errors Affecting Jurisdiction — When Reviewable on Certiorari.—Error may be committed in the steps essential to the starting in operation of the jurisdiction vested by law in superior courts of certain proceedings, yet, notwithstanding such error, such court must be permitted to proceed to a final determination of the matter, and then, if it should appear that the court has not correctly followed the course marked out by the statute to put in motion its jurisdiction and it appears that there is no adequate remedy at law, the party suffering from the final adjudication may have the proceeding reviewed through a writ of *certiorari.*

[5] Id.—Special Proceedings—Omission of Jurisdictional Requirements—Review of Error.—The fact that a given proceeding is special in its nature and that, therefore, every step necessary to its consummation is jurisdictional, does not give the party aggrieved the right to stop the proceeding and have the error reviewed through a writ of *certiorari* if the inferior tribunal omits to observe any of the essential facts necessary to start its jurisdiction in motion.

PROCEEDING in Certiorari to review an order of the Superior Court of Modoc County, and Clarence A. Raker, Judge thereof, directing the issuance of a writ of attachment for contempt. Writ dismissed.

The facts are stated in the opinion of the court.

Milton S. Hamilton, Driver & Driver and Frank Tade for Petitioner.

J. E. White for Respondents.

HART, J.—In an action previously instituted by Sallie C. Turner against the petitioner and one Patrick L. Flanigan, a judgment for the sum of $8,166.60 was entered by the clerk of the above-named respondent, court, against petitioner and said Flanigan on the thirteenth day of

March, 1919. On the same day a writ of execution was issued in said action by the clerk of said court (respondent herein), directed to the sheriff of the city and county of San Francisco. Said writ was returned to said clerk partially satisfied and, on the tenth day of April, 1919, was filed by said clerk with the papers in said. action. The petition here alleges that "on the tenth day of April, 1919, an oral application was made by said plaintiff [Sallie C. Turner] to said Honorable Clarence A. Raker, in his chambers and not while he was holding court, for an order directing said petitioner to appear before John McCallan, a notary public, in and for the said city and county of San Francisco, as a referee, to answer on oath concerning his property; that said judge thereupon in compliance with such application made in said action the following order," and then follows the order made by the judge, commanding the petitioner to appear before the said John McCallan, notary public, a referee, etc., in room 1012, Mills Building, San Francisco, on the twenty-third day of April, 1919, at 10 o'clock in the forenoon, to answer on oath concerning his property, etc.

It is made to appear that the said McCallan, as referee, made and signed a return to the respondent, superior court, setting forth the fact that the order above mentioned was served in due time on the petitioner by the sheriff of the city and county of San Francisco, that petitioner "did not appear before me at room 1012, Mills Building, . . . on the twenty-third day of April, 1919, at the hour of 10 o'clock A. M., or at all, and I hereby recommend that the said Herman Frost be punished for contempt in failing to obey the said order and that the court take such steps as may seem meet and proper in the premises to punish the said Herman Frost for his contempt of this referee and the order of the court."

Upon receiving and the filing of the said return or report of the said referee, the respondents, it is alleged, ordered the issuance of and the clerk of said court issued "a writ of attachment for contempt against your petitioner and directed to the sheriff of said county of Modoc; that the time for the return of said writ of attachment has by order of said superior court been continued to the sixteenth day of May, 1919, at the hour of 10 o'clock A. M."

The petition further alleges, and thus are stated two of the grounds upon which a writ of *certiorari* is herein prayed for to annul the proceedings thus far in the contempt matter inaugurated against the petitioner: "That no affidavit or other verified application was presented to said judge or filed in said action as the basis for said order so issued by said judge in his chambers; that it was not made to appear to the said judge at the time of said application and at the time of the issuance of said order, or at all, that the petitioner was at that time a resident of the said city and county of San Francisco, or of any other county, . . . or had a place of business therein; that there is no paper or document filed in said action or with said court or in the office of the clerk thereof showing or tending to show the residence of your petitioner at the time said order was made, and that the only paper referring to said matter is the order set forth hereinabove."

It is further contended that it nowhere appears that the court ever made an order appointing the said McCallan a referee to take the testimony of the petitioner concerning his property, the only reference to a referee in said proceeding being in the order of the court requiring petitioner to appear before the said McCallan, "a referee by me appointed," etc. It is also maintained that the statute requires that the order compelling a judgment debtor to appear before a referee to answer on oath concerning his property shall be made in court as a court order and not in chambers by the judge, as was the fact in this case.

There was some discussion in the oral argument before the court of the question whether the order requiring the petitioner to appear before the referee was the one authorized by section 715 or that authorized by section 714 of the Code of Civil Procedure, the respondent contending that the order was based on the last-named section and the petitioner contending that upon the provisions of the section first named the order was made. But a consideration of this as well as the other points made by the petitioner is, as we view the matter as it stands before us now, foreign to any requirement imposed upon us in the determination of what we conceive to be the controlling question submitted by this petition.

Counsel for petitioner, in his brief, states that ''section 1068, Code Civ. Proc., subdivision four, provides that a petition for writ of review must show that there is a final determination or judgment, the subject of the attack.'' We have found no such provision in section 1068, nor, after some investigation, have we found such a provision in any other part of said code nor of any other of our codes. [1] But we think the rule as thus stated is the correct one and that no review of a proceeding had by an inferior tribunal through the writ here asked for should be allowed unless in such a proceeding there has been a final adjudication or determination of the subject matter thereof.

The petitioner declares that the order requiring him to appear before the referee to answer on oath concerning his property is a final order and that, therefore, the same is subject to review and annulment, if illegal, through the writ of *certiorari*. It is undoubtedly true that said order was in a sense, if not entirely, final. Its purpose merely was to direct the petitioner to appear before the referee for the purpose therein stated. It was final as to that matter because there was nothing further to be done in that particular. But the question which we are asked to review herein is whether or not the proceedings instituted against petitioner for contempt are legal or within the jurisdiction of the respondent, court, to hear and determine, although therein there has been no final determination or adjudication. [2] It is true that the order directing the petitioner to appear before the referee is the basis of said proceedings, but it does not constitute a final order in said proceedings. [3] Of course, counsel will not attempt to dispute the proposition that, whether the proceedings in contempt were inaugurated under the provisions of section 714 or those of section 715 of the Code of Civil Procedure, the superior court nevertheless has jurisdiction to hear and determine such proceedings. Both sections expressly invest superior courts with such jurisdiction. It follows that those courts, on all proper occasions, are to be permitted without interruption to exercise such jurisdiction until their judgments, following from the employment of the power given them by the statute in that respect, have become final. [4] In other words, error may be committed in the steps essential to the starting in operation of the

jurisdiction vested by law in superior courts of certain proceedings, yet, notwithstanding that error, such court must be permitted to proceed to a final determination of the matter, and then, if it should appear that the court has not correctly followed the course marked out by the statute to put in motion its jurisdiction and it appears that there is no adequate remedy at law, the party suffering from the final adjudication may have the proceeding reviewed through a writ of *certiorari*. It certainly cannot be held to be the law that the proceeding before a court may be arrested at any particular time in the progress thereof to determine whether the court has committed error either in the matter of putting its jurisdiction in motion or in ruling upon some proposition arising during the course of the hearing of the proceeding.

[5] Counsel for the petitioner, however, maintains that the proceeding authorized by either section 714 or 715 of the Code of Civil Procedure is special, and that, therefore, every step necessary to its consummation is jurisdictional. He argues from this premise that if the court omits to observe any of the essential facts necessary to start its jurisdiction in motion, the proceeding may be stopped and the error reviewed through the writ prayed for here. Of course, the statute must be followed with substantial strictness, but the same is true of statutes authorizing other proceedings in the superior court. Indeed, the same argument may be advanced as to a proceeding in eminent domain. That is a special proceeding, and the action authorized for the purpose of the exercise of the right of eminent domain is distinctly different in many respects from that of the ordinary action at law or in equity. Would counsel contend that, notwithstanding that the statute specially invests superior courts with jurisdiction to hear and determine eminent domain proceedings, a writ of review would be available to determine whether the complaint in such an action stated a good cause of action or was sufficient in the statement of facts to put the court's jurisdiction of such a proceeding in motion? We think that no such contention would be made. The contention of counsel for the petitioner in this case, however, in substantial effect, involves the same proposition.

We think that the petition here is premature, that if the objections to the proceedings thus far had in the contempt matter against the petitioner are valid, the same may be urged before the superior court having jurisdiction of the proceeding, and that the writ here should, therefore, be dismissed. It is so ordered.

Chipman, P. J., and Burnett, J., concurred.