[Civ. No. 4367. Second Appellate District, Division One.—June 20, 1924.]

## L. F. DOLLEY et al., Respondents, v. EDWARD D. RAGON et al., Appellants.

[1] CONTEMPT — APPEAL — WILLFUL MISREPRESENTATION OF FACTS— FINAL JUDGMENT—CONTINUING JURISDICTION.—Notwithstanding the judgment of the district court of appeal in a given action has become final in that court and the appeal is beyond its jurisdiction, that court has authority to receive and consider any charges of acts constituting contempt of court by an attorney in his conduct of the action, such as alleged willful misrepresentation of facts arising upon the record on the appeal in the action.

(1) 13 C. J., p. 54, sec. 75.

APPLICATION for action by appellate court because of alleged willful misrepresentations by counsel. Granted.

The facts are stated in the opinion of the court.

Henry G. Dent, *Amicus Curiae.*

CONREY, P. J.—This court's decision on appeal in this action was filed on the twenty-fourth day of April, 1924. The case is now before the supreme court on petition for rehearing. On the twenty-third day of May, 1924, Henry G. Dent, appearing as a friend of the court, presented to the court certain charges against certain attorneys for respondents, asserting that said attorneys were guilty of misconduct in making sundry alleged misstatements in their reply brief for respondents. The court by an order entered

1.  See 5 Cal. Jur. 935; 6 R. C. L. 529.

on that day directed attention to the fact that the document filed by Mr. Dent failed to set forth any specific description or statement of the facts constituting the alleged misconduct. Thereupon the court ordered that the petition for action by the court in said matter be denied without prejudice to the informant's right to file further charges if he so desired.

Accordingly on June 16, 1924, Mr. Dent, who is not a party to the action, filed another document entitled in said action and being "Ex parte motion and petition in bank of Henry G. Dent, informant," charging misconduct of one of said attorneys.

This document is capable of being considered in part as a disbarment proceeding and in part as a contempt proceeding. In so far as it is a disbarment proceeding, it should have been filed in the form of separate charges not entitled in this action. Then, under the rule of the supreme court which assigns all special proceedings to division two of this district in even-numbered years, the proceeding would have been automatically assigned to division two, where it properly belongs. In so far as the matters contained in said information or petition state the subject matter of a disbarment proceeding, the same is hereby dismissed, without prejudice to any right which the informant may have, to institute a disbarment proceeding in proper form if he so desires.

[1] We are of the opinion, however, that notwithstanding the fact that the judgment has become final in this court and the appeal is now beyond our jurisdiction, nevertheless this court has authority to receive and consider any charges of acts constituting contempt of court by an attorney in his conduct of action. Section 1209 of the Code of Civil Procedure declares that "the following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: . . . 3. Misbehavior in office, or other willful neglect or violation of duty by an attorney . . . " The court therefore retains this proceeding for the sole purpose of considering that part of the petition which charges that said attorney in his brief for respondent is guilty of willful misrepresentation of facts arising upon the record on the appeal in this action. The matters so retained are hereby designated as follows: Beginning on page 16 of the petition, the matters stated under

the heading "Misconduct relating to assignment." Beginning on page 21, the matters stated under the heading, "Misconduct relating to references to drilling contract Exhibit 3." Beginning on page 28, statement under the heading "Misconduct relating to 'the facts,' " beginning on page 32, statement under the heading "Misconduct relating to allegations in the original complaint; also following in amended complaint."

In his petition the informant, who is not an attorney at law, requests that he be permitted to submit to the justices of this court the names of five reputable attorneys, and that we select or express our approval that either of the five or two of the five may appear here as friends of the court. Without adopting that procedure, the court suggests that it will hear the application of any reputable attorney entitled to practice before this court who may offer to appear as a friend of the court in this proceeding. The document of more than one hundred pages, filed by the informant, shows clearly enough that its voluminous contents could be far more briefly and clearly stated and brought within the range of possibility of proper consideration by the court. The court further suggests that a copy of said petition should be delivered to the president or secretary of the Los Angeles Bar Association, so that some representative of that association duly designated by it may appear to aid in the proper disposition of the proceeding. A minute order will be entered in accordance with this opinion.

Houser, J., concurred.

Mr. Justice Curtis deemed himself disqualified and took no part herein.