[Crim. No. 2067.   First Appellate District, Division One.—December 19, 1939.]

In the Matter of the Application of JOHN H. CLAASEN, Jr., for a Writ of Habeas Corpus.

Leo A. Cunningham for Petitioner.

Joseph A. Brown for Respondent.

Raymond D. Williamson for Respondent Sheriff.

KNIGHT, J.—Petitioner was adjudged guilty of contempt of court and sentenced to five days imprisonment in the county jail by the Superior Court in and for the City and County of San Francisco for having failed to appear in person before said court in response to an order to show cause theretofore issued by said court and served on petitioner's attorney, wherein petitioner was directed to ''be and appear'' at the time and place specified in the order, then and there to show cause why he should not be punished for contempt for failing, neglecting and refusing to comply with a previous order requiring him to pay alimony *pendente lite,* counsel fees and costs.   Following such adjudication and

sentence a commitment was issued and petitioner was taken into custody by the sheriff; whereupon he applied for and obtained a writ of *habeas corpus,* the basis for the application being that the judgment of contempt is void. The proceeding came on for hearing at the time fixed by the writ, and petitioner's wife was represented by counsel; but no oral argument was presented in support of the judgment of contempt, nor was any attempt made to answer the points and authorities submitted in behalf of petitioner; and although additional time was granted to file a respondent's brief none has been presented or filed.

After having examined the record we are convinced that the judgment of contempt cannot be upheld. As stated, it was based upon the failure of petitioner to appear in person in response to said order to show cause; but the record affirmatively shows that in response thereto he did appear by counsel at the time and place specified in said order, and that his counsel participated in the hearing had at that time relating to petitioner's failure to pay said sums of money. Therefore, as petitioner contends, having appeared by counsel, the court was without jurisdiction to adjudge him guilty of contempt for not appearing in person. California Jurisprudence (vol. 5, p. 943) gives the rule thus: "Anyone who is ordered to show cause why he should not be punished for contempt may appear by attorney. It is not necessary that he appear personally" (citing *Ex parte Gordan,* 92 Cal. 478 [28 Pac. 489, 27 Am. St. Rep. 154]). In that case a husband was ordered to "be and appear in person" before the court, at a time and place specified in the order, to show cause why he should not be punished for failing to obey a prior order requiring him to pay alimony *pendente lite* and costs; and, as here, in response to such order to show cause he appeared by counsel; nevertheless he was adjudged guilty of contempt for failing to appear in person; and in discharging him from custody on *habeas corpus* the court said: "The alleged contempt for which Gordan is held in custody is, not the refusal to obey an order requiring him to pay money, but his failure to appear *in person* in response to the notice to show cause. In civil proceedings, and even in many criminal proceedings not involving a felony, a party may appear in person or by counsel. Of course, in proper cases, he may be taken under attachment or warrant of arrest; and, within

certain territorial limits, a person may be compelled to attend court as a witness by the process of subpoena. But in the case at bar, Gordan was merely summoned to appear in court on a certain day, and show cause why a certain thing should not be done. He appeared on said day by counsel, and offered to show cause. This he had a right to do, and the court should have proceeded to hear and determine the issue before it. That part of the order which commanded him to appear in person the court had no power to make; and the subsequent order for his arrest, for not appearing personally, had no jurisdictional basis." The factual situation in that case, as will be seen, was the same as the one here presented; and the rule there declared has apparently never been modified or abrogated. Quite to the contrary it has been restated and applied in later cases, notably *Foley* v. *Foley,* 120 Cal. 33 [52 Pac. 122, 65 Am. St. Rep. 147]; *Bakeman* v. *Superior Court,* 37 Cal. App. 785 [174 Pac. 911].

In the Foley case the court goes on to hold in effect that where the order to show cause is served on the attorney of record instead of the party against whom it is directed, the appearance by the attorney without objection to the want of personal service on his client gives the court jurisdiction over the client. And so in the present case, the appearance by counsel in response to said order to show cause, gave the court jurisdiction over petitioner to take appropriate action against him for any failure to comply with the order directing him to pay the sums of money set forth in said order. But that was not done. As in the Gordan case, the adjudication of contempt was founded upon the failure of petitioner to appear in person in response to the order to show cause; therefore, since he did appear by counsel, the court was without jurisdiction to adjudge him guilty of contempt for not appearing in person.

In view of the conclusion reached on this point it is unnecessary to inquire into the remaining two urged by petitioner in support of his application for the writ.

The petitioner is discharged from custody.

Peters, P. J., concurred.

Ward, J., deeming himself disqualified, did not participate.