[Civ. No. 22762.   Second Dist., Div. Two.   Jan. 30, 1958.]

VICTOR SILVAGNI, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; N. E. YOUNG-BLOOD et al., Real Parties in Interest.

Robert H. Powsner for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

N. E. Youngblood and Anthony T. Carsola, in pro per., for Real Parties in Interest.

RICHARDS, J. pro tem.*—Petitioner seeks a writ of prohibition to restrain the respondent court from taking any further proceedings in connection with the enforcement of an order directing the issuance of a warrant of attachment to bring him before the respondent court.

Petitioner is one of the defendants in an action for declaratory relief concerning a written contract of employment of plaintiffs for legal services. At the conclusion of the trial on September 5, 1957, and while petitioner was personally

*Assigned by Chairman of Judicial Council.

present, the court orally announced its decision, in part as follows: "It is the judgment of this Court that the plaintiffs, N. E. Youngblood and Anthony T. Carsola, be and they are hereby awarded the sum of 3750 shares of stock of the Silvagni Estate Company in that corporation standing in the name of Victor Silvagni or deposited in the First National Bank of Nevada, Las Vegas, Nevada, for his account . . . and that the defendant Victor Silvagni make, execute, and deliver forthwith an assignment of said 3750 shares of capital stock of the Silvagni Estate Company, a Nevada corporation, to the plaintiffs, N. E. Youngblood and Anthony T. Carsola, and that pending the said execution of said documents, you are instructed, Victor Silvagni, not to sell, assign, transfer, or encumber in any manner the said 3750 shares of the said stock. . . . You [petitioner] are ordered to return to this Court to this department at 9:15 A. M., the 20th of September, to show cause, if any you have, why the documents as ordered by the Court have not been executed, provided the same have not been executed at that time." As part of its oral pronouncement of decision the court directed that the counsel for plaintiffs prepare the findings, conclusions and judgment.

Thereafter on September 20, 1957, counsel for the petitioner appeared before respondent court and announced that he was appearing on behalf of the petitioner who did not appear at that time in person. Counsel for the plaintiffs advised the court that no assignment of the stock had been made and the record discloses the following proceedings: "THE COURT: May I hear from you, Mr. Powsner? MR. POWSNER: I am appearing for Mr. Silvagni. THE COURT: Did you hear the Court order him to appear in person? MR. POWSNER: Well, I was aware that the Court ordered him to appear and show cause, if any, why he hadn't complied with the order if he had not, but I believe that under the law, your Honor, on an Order to Show Cause I am entitled to appear. THE COURT: Let a bench warrant issue for his appearance." On October 10, 1957, the findings, conclusions of law and judgment were signed and filed and thereafter entered.

We have concluded that the court acted in excess of its jurisdiction in ordering the issuance of the warrant of attachment and that the commendability of the court's purpose to maintain control over the person of the petitioner to insure the performance of a judgment to be entered cannot evoke an otherwise nonexistent authority.

We are hampered in approaching the problem presented by this proceeding in determining the ground upon which the court ordered the issuance of the warrant of attachment, as the record is devoid of any recital of facts purporting to support the warrant for a direct contempt (Code Civ. Proc., § 1211; *Paddon* v. *Superior Court*, 65 Cal.App. 34, 39 [223 P. 91]), nor is there any showing in the record before us of any affidavit setting forth facts essential to justify the issuance of a warrant to answer for a constructive contempt. (Code Civ. Proc., § 1211; *In re Pillsbury*, 69 Cal.App. 784, 788 [232 P. 725]; *Ex parte Ah Men*, 77 Cal. 198, 200-201 [19 P. 380, 11 Am.St.Rep. 263].)

The term "bench warrant" is not defined in our codes but as applied to civil actions is generally understood to mean a process issued by the court itself, or from the "bench," for the attachment or arrest of a person to compel his attendance before the court to answer to a charge of contempt (Code Civ. Proc., § 1212), or for the failure of a witness to attend in response to a subpoena which has been duly served. (Code Civ. Proc., § 1993.)

There is no contention, and there can be none, that the order for the warrant in the matter at bar was predicated upon petitioner's failure to appear as a witness, inasmuch as the trial was completed at the time of the court's direction that he return to court in person at a future date. Hence we rule out Code of Civil Procedure, section 1993, as a possible support of the challenged order.

Manifestly the court lacked jurisdiction to issue a warrant of attachment to compel petitioner's presence to answer to a charge of constructive contempt growing out of his failure to "make, execute, and deliver forthwith an assignment of said 3750 shares of capital stock" to the plaintiffs before the entry of judgment. The oral pronouncement by court on September 5, 1957, was not a decision or judgment as written and signed findings of fact and conclusions of law were required. (Code Civ. Proc., § 632; *Fuhrman* v. *Superior Court*, 2 Cal.2d 250, 253 [39 P.2d 802]; *McConville* v. *Superior Court*, 78 Cal.App. 203, 208 [248 P. 553].) The petitioner could not be in contempt for a failure to assign the stock until a judgment containing such provision was entered. (*Cosby* v. *Superior Court*, 110 Cal. 45, 52 [42 P. 460]; *Neblett* v. *Superior Court*, 86 Cal.App.2d 64, 66 [194 P.2d 22]; *Gideon* v. *Superior Court*, 141 Cal.App.2d 640, 642 [297 P.2d 84].)

■ As part of the court's oral pronouncement there was a purported order directing the petitioner to return to court in person on September 20, 1957, to show cause why the assignment of stock had not been executed, if not executed at that time. Assuming, *arguendo*, the authority of the court to so direct the petitioner to show cause, nevertheless he could not be held in contempt for failure to appear in person in response thereto, as it has uniformly been held that an appearance in response to an order to show cause need not be in person but may be by attorney even though the order to show cause expressly directs an appearance in person, and that an order to appear in person is in excess of the court's power. (12 Cal.Jur.2d, 87; *Foley* v. *Foley,* 120 Cal. 33, 39 [52 P. 122, 65 Am.St.Rep. 147]; *Ex parte Gordan,* 92 Cal. 478, 480 [28 P. 489, 27 Am.St.Rep. 154]; *In re Claasen,* 36 Cal. App.2d 155, 156 [97 P.2d 254]; *Bakeman* v. *Superior Court,* 37 Cal.App. 785, 787 [174 P. 911].)

It is contended on behalf of the respondent court and by the real parties in interest that the trial court had inherent power to order the petitioner to be personally present at the date set by the court, and that petitioner's failure so to appear in person was in and of itself disobedience of a lawful order of the court and constituted a direct contempt and thus authorized the issuance of the warrant of attachment to answer therefor. As we have previously pointed out, the record does not disclose that the warrant was issued upon the ground of such failure to appear, disassociated from petitioner's omission to perform some act required by the terms of a valid order. ■ Disobedience of any lawful order of court is, of course, a contempt of the authority of the court. (Code Civ. Proc., § 1209, subd. 5.) On the other hand, it is equally elemental that disobedience of a void order made in excess of the jurisdiction of the court does not constitute a contempt. (*Kreling* v. *Superior Court,* 18 Cal.2d 884, 885 [118 P.2d 470]; *McLaughlin* v. *Superior Court,* 128 Cal.App.2d 62, 65 [274 P.2d 745]; *Uhler* v. *Superior Court,* 117 Cal.App.2d 147, 153 [255 P.2d 29, 256 P.2d 90].) ■ This contention presents the question whether a trial court in civil litigation has inherent power to order the physical presence of a party before it, other than as a witness, at any stage or stages of the litigation. We are of the opinion that the court has no such power. As the Supreme Court said in *Ex parte Gordan, supra,* 92 Cal. 478, at page 480: "In civil proceedings, and even in many criminal proceedings not involving a felony,

a party may appear in person or by counsel. Of course, in proper cases, he may be taken under attachment or warrant of arrest; and, within certain territorial limits, a person may be compelled to attend court as a witness by the process of subpoena. But in the case at bar, Gordan was merely summoned to appear in court on a certain day, and show cause why a certain thing should not be done. He appeared on said day by counsel, and offered to show cause. This he had a right to do, and the court should have proceeded to hear and determine the issue before it. That part of the order which commanded him to appear in person the court had no power to make; and the subsequent order for his arrest, for not appearing personally, had no jurisdictional basis.'' This rule appears never to have been questioned in this state, and neither has counsels' nor our own exhaustive research disclosed any authority supporting the power of the court to compel a civil litigant to be present in person, other than the unquestioned power of the court to compel his presence as a witness.

It is suggested by the real parties in interest that the court was empowered to exercise jurisdiction over the person of the petitioner in order to keep him from leaving the state, thus to insure a complete determination of the controversy. ■ Civil arrest is the recognized procedure designed to secure the presence of a party until final judgment. (*Matoon v. Eder*, 6 Cal. 57.)

We are unable to discover that petitioner disobeyed any valid order of the court so as to constitute either a direct or constructive contempt, and therefore the order for the issuance of the warrant of attachment was invalid and in excess of the jurisdiction of the court. Code of Civil Procedure, section 478, declares that ''No person can be arrested in a civil action, except as prescribed in this code.'' ■ *In re Mulford*, 73 Cal.App.2d 453, 456 [166 P.2d 890], thus states the fundamental rule: ''There is no inherent power in the court to place citizens in jail. The Legislature makes the law on that subject within constitutional limitations. Jurisdiction of courts in the matter of arrest is limited by the Constitution and statutory enactments.'' We are unable to find that the order for petitioner's arrest conformed to any authorized statutory procedure.

Let the peremptory writ issue.

Fox, Acting P. J., and Ashburn, J., concurred.