[Civ. No. 32691.   Second Dist., Div. One.   May 17, 1968.]

DINO A. MORELLI, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHARLES BERRY et al., Real Parties in Interest.

Korman Dorsey Ellis for Petitioner.

No appearance for Respondent.

Meserve, Mumper & Hughes, Christopher Rolin and Thomas P. Phillips III for Real Parties in Interest.

McCOY, J. pro tem.*—This is a proceeding for a writ of prohibition commanding the Superior Court for Los Angeles County to desist from enforcing a bench warrant and from taking any further proceedings to adjudge petitioner guilty of contempt of court. The writ is sought on the ground that the respondent court lacks jurisdiction.

The case before us arises out of an action pending in the respondent court entitled Berry v. Mobile Vacuum Service, et al., in which plaintiffs seek damages for the wrongful death of their deceased child whose death was allegedly caused by the negligence of defendants in parking a motor vehicle and leaving it unattended. In April 1967 the defendant House of Vacuums of Long Beach sued as Mobile Vacuum Service (referred to herein as the defendant), stated in answer to an interrogatory served on it by plaintiff that petitioner, D. A. Morelli, had been employed by it as an expert witness to render an opinion as to matters relating to the accident, and that he rendered a one-page written report dated October 8, 1966. In August 1967, in answer to further interrogatories, defendant stated among other things that petitioner Morelli had knowledge of some of the facts on which it based its denial that the accident was caused by a mechanical failure.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On September 22, 1967, plaintiffs gave notice that the deposition of petitioner would be taken on October 5, and procured the issuance of a subpoena duces tecum requiring him to answer at that time and to produce his report dated October 8, 1966, concerning the mechanical condition of the vehicle. According to the declaration of John Skoog this subpoena was served on petitioner in Pasadena on October 2, 1967, at which time he demanded and received a witness fee of $5. Petitioner did not appear for the taking of his deposition on October 5. On November 2 the court issued an order requiring petitioner to show cause on November 21 why he "should not be made to appear and answer questions propounded on oral deposition by Merserve, Mumper & Hughes, attorneys for plaintiffs, at a time and place set by the above Court, or why in the alternative, an order should not be made, adjudging you to be in contempt and punished therefor for your refusal to obey the Subpena Duces Tecum re Deposition . . . served on you, commanding you to attend the taking of your deposition on October 5, 1967, . . ." This order to show cause was served on petitioner by John Skoog on November 6.[1]

When petitioner failed to appear on November 21 either in person or by an attorney in response to the order to show cause the court ordered a bench warrant to issue with bail

---

[1]The declaration of service on the reverse side of the original of the subpoena duces tecum which is attached to the order to show cause alleges that it was served on Morelli on October 2, 1967, and that he demanded and was paid a fee of $5. On November 21, 1967, the return day of the order to show cause, the process server filed a declaration under penalty of perjury reading in pertinent part as follows: "On the afternoon of November 6, 1967 I served Dr. Dino Morelli with the Order To Show Cause Re Contempt and related documents at Cal Tech University in Pasadena, California. We had met previously when I served him with a subpena on October 2, 1967. When I handed him the papers I explained the serious nature of this matter. Dr. Morelli replied, 'Yeah, I'm not going to be there.' He stated that he knew all about it, that he had been held on contempt many times before and that 'They won't do anything to me without charging me and giving me a trial.' He then turned his back to me and left. On the afternoon of October 2, 1967 I served Dr. Morelli with a Subpena Re Deposition and Subpena Duces Tecum Re Deposition at Cal Tech University in Pasadena. I arrived at Dr. Morelli's classroom while class was in session. I identified Dr. Morelli by talking to a passer-by in the hall. After class I approached Dr. Morelli and asked him if he was in fact Dr. Morelli. He responded, 'Never heard of him.' I then stated that I had been told he was in fact Dr. Morelli. He responded, "O.K. you got me.' He took the papers and threw them to the floor. He then proceeded to swear violently and made it clear that he would not appear at the time and place scheduled for his deposition. He demanded and received $5.00 as witness fees. He then told me 'to get out' and commenced on a tirade against the legal process."

fixed at $500 to be held until November 24 to which date the proceeding was continued. Petitioner was notified of this order by certified letter, for which petitioner signed a receipt. Petitioner again failed to appear on November 24 and the court ordered the bench warrant released for service.

Petitioner was arrested pursuant to the warrant on January 9, 1968. What appears to be a copy of a report of the arresting officers in the superior court file states that upon his arrest ''Defendant was transported to and booked at the LACO Central Jail under Booking No. 644-011. Arraignment was set for January 10, 1968, and warrant was left in the Booking Office.''[2] So far as the record shows, there were no proceedings in the matter on January 10. Further proceedings were had in court on January 12 as shown by the minute order for that day which reads: ''The non-party witness, DINO MORELLI, having been arrested pursuant to the Attachment on Defaulter heretofore ordered and issued, and then subsequently thereto posted bail in the sum of $575.00, same being in the form of Bail Bond No. 460636 MC dated Jan. 9th, 1968, and on file herein, with its order therein for said Dino Morelli to appear in this court on January 12th, 1968, at 9:30 AM, this date; and the said non-party witness fails to appear in court, the court now makes the following order: Bail is forfeited. The matter of plaintiffs' Order to Show Cause re Contempt (C.C.P. 2034 (B)(1) is restored to the calendar and ordered *continued to January 19th, 1968 at 10:30 AM,* this department, for further proceedings. (A copy of this minute order is forwarded by U.S. Mail to the above named attorneys [Meserve, Mumper & Hughes and Chris Rolin, Michael Cullen, Ruston & Nance], together with attorney Korman D. Ellis, Suite 650, 727 W. 7th St., Los Angeles 90017, this date.)''

On January 19 petitioner did not appear in person but did appear by Korman D. Ellis, Esq., his attorney, who filed a declaration executed by petitioner January 18, objecting to the jurisdiction of the court. The minute order for that day reads: ''Korman Dorsey Ellis, attorney for non-party witness Dino Morelli, appearing as attorney of record for said non-party witness, makes statements to the court. Dino Morelli having again failed to appear in court this date, the court

---

[2]At the foot of the warrant a deputy sheriff certified ''that I served the within writ on Jan. 9, 1968, by attaching the body of the within named defaulting Dino Morelli and bringing him before the Court on the day above named.'' The warrant commanded the sheriff to bring him before the court ''forthwith.''

now makes the following order: Bench Warrant (Attachment for Defaulter) is ordered for Deno Morelli with bail set at $5000.00 plus penalty assessment of $750.00, serviceable forthwith, returnable forthwith.''

By his petition filed January 24, 1968, Morelli prays for a writ of prohibition ''commanding respondent to desist from any further proceedings in the execution, or enforcement of said order re bench warrant, and from any proceedings to bring petitioner in contempt, or to adjudge him guilty of contempt for failing personally so to appear, or to punish him therefor.'' In the light of the record before us the prayer of the petition is ambiguous to say the least. Although the record discloses that there were two orders ''re bench warrant'' it is impossible to say from the prayer which order petitioner is referring to. In order to make a complete disposition of the matter we shall assume that he challenges the jurisdiction of the respondent court to make either of those orders.

As we read his petition, Morelli appears to contend, first, that the court had no jurisdiction to order the issuance of either bench warrant because the service of the subpoena duces tecum was ''improper'' and that the ''alleged Order to Show Cause is inadequate'' in certain particulars.[3] It is enough to say that the subpoena duces tecum served on Morelli ordering him to appear for his deposition and the order to show cause appear regular on their face. The question of whether the service of the subpoena duces tecum was proper was available to him by way of defense to the order to show cause. Again, any question as to the adequacy of the order to show cause and of the affidavit and declaration on which it was based could and should have been raised by an appropriate pleading in response to that order.

The order of November 2, 1967, required Morelli to show cause why he should not be adjudged in contempt of court for

---

[3] The petition reads in part: ''Said orders of the respondent court ordering the bench warrant to issue and continuing said order to show cause hearing instead of allowing petitioner reasonable time to prepare a defense are void and have no jurisdictional basis in that: 1. Petitioner is a resident of the State of Oregon and is not subject to service by reason of C.C.P. § 1989. 2. The service of the Subpena Duces Tecum of October 10, 1967 was improper in that the petitioner was not shown the original thereof as required by C.C.P. § 1987. 3. The alleged Order to Show Cause re Contempt is inadequate for: (a) the affidavit and declarations in support thereof do not contain the residence address of petitioner; (b) the copy served was a 'conformed' copy and not over the seal and signature of the Court; (c) the declaration of Downey A. Grosenbaugh in support of the Order to Show Cause re Contempt, does not show facts sufficient to constitute the contempt; (d) the affidavit of Mavis Del Vecchio does not show facts sufficient to constitute the contempt; . . .''

his alleged failure to obey the subpoena. Orderly procedure required him to appear and make that showing on the day fixed by that order. Instead of appearing on that day and making his showing of good cause why he should not be adjudged in contempt, he elected to disregard and ignore that order, just as he had previously failed to appear in response to the subpoena and now challenges the jurisdiction of the respondent court to hear and determine the issues raised by the order to show cause.

Petitioner's challenge to the jurisdiction of the respondent court at this time in this proceeding is premature. In *Frost* v. *Superior Court*, 41 Cal.App. 580 [183 P. 206], petitioner sought the review of an order of the superior court for the issuance of a writ of attachment for contempt against the petitioner, based on the report of the referee that he had failed to appear before the referee pursuant to an order for his examination as a judgment debtor. There, as here, petitioner sought to annul the contempt proceedings for want of jurisdiction. The court refused to consider the points raised by petitioner, holding (p. 584) that ''no review of a proceeding had by an inferior tribunal through the writ here asked for should be allowed unless in such a proceeding there has been a final adjudication or determination of the subject matter thereof.'' (To the same effect, see *Ahrens* v. *Evans*, 42 Cal.App.2d 738 [109 P.2d 991].) Here, as in *Frost*, the question we are asked to review is whether or not the proceedings instituted against petitioner for contempt are legal or within the jurisdiction of the respondent court to hear and determine, although there has been no final determination or adjudication of the matter by that court. The subpoena duces tecum was an order of the court requiring petitioner to appear for his deposition and produce a certain document. (Code Civ. Proc., §§ 1985, 2016, subd. (a).) The refusal of any person to obey a subpoena issued by the court to attend a deposition may be punished by the court as a contempt. (Code Civ. Proc., § 2034, subd. (b)(1).) Since section 2034, subdivision (b)(1) expressly invested the respondent court with jurisdiction, it follows, as the court said in *Frost*, that that court is to be permitted without interruption to exercise such jurisdiction until its judgment, following from the employment of the power given it by statute in that respect, has become final. Whatever error may be committed in the exercise of that power may then be considered on a review of the final judgment. ''It certainly cannot be held to be the law that

the proceeding before a court may be arrested at any particular time in the progress thereof to determine whether the court has committed error either in the matter of putting its jurisdiction in motion or in ruling upon some proposition arising during the course of the hearing of the proceeding.'' (*Frost* v. *Superior Court,* 41 Cal.App. 580, 584-585 [183 P. 206].) In our opinion, the governing principles thus announced in *Frost* are equally applicable here.

Petitioner's only other contention appears to be that the respondent court exceeded its jurisdiction in making its order of January 19, 1968, for the issuance of the second bench warrant. The gist of his argument is that he did appear that day by his attorney, that such an appearance was a sufficient compliance with the court's order of January 12, and that the court had no jurisdiction to require petitioner to appear personally. With this contention we agree.

We have noted above that Morelli was taken into custody by the sheriff on the first bench warrant on January 9, 1968, after which he posted bail and was released. When petitioner failed to appear in response to the order to show cause the court had ample authority to issue that warrant. (Code Civ. Proc., § 1212.) According to the petition he contacted his attorney, Korman Ellis, who on January 11 ascertained that he was scheduled to appear in court the next day, January 12; that thereafter Mr. Ellis contacted the trial judge by telephone and requested a 30-day continuance in order to prepare a defense to the contempt charges; and that the judge refused the continuance and advised Mr. Ellis that an appearance had to be made on January 19. These allegations are uncontradicted. Thereafter, a minute order was entered forfeiting the bail posted on the first warrant and restoring the contempt proceedings to the calendar on January 12 and continuing those proceedings to January 19 at 10:30.[4]

When the matter again came before the court on January 19, Morelli did not appear in person but did appear by his attorney, Mr. Ellis, who filed a declaration executed by Morelli. Thereupon the court ordered a ''bench warrant (attachment for defaulter) to issue, with bail set at $5000.00 plus penalty assessment of $750.00 returnable forthwith.'' Presumably the court took this action in the belief that in a contempt proceeding the appearance by an attorney is not

---

[4] Although that order recites that Morelli failed to appear, the court failed to include in the minute order any reference to the conversation between the judge and petitioner's attorney.

sufficient, that an appearance in person by the alleged contemnor is required in response to an order to show cause, and that it had the power to issue the attachment in order to compel Morelli's appearance in person. This is not the law.

The order to show cause here ordered "that Dino Morelli appear . . . on November 21, 1967, then and there to show cause, if any you have," why he should not be made to appear for his deposition, or why, in the alternative, he should not be adjudged guilty of contempt for refusing to obey the subpoena duces tecum. The proceedings on January 19, 1968, were obviously a part of the proceedings based on the order to show cause. ▆▆ It has long since been settled that in a proceeding arising out of a civil action charging a person with contempt for failure to obey an order made in that proceeding, in this case the subpoena duces tecum, the court has no power to command the alleged contemnor to appear in person. In *Ex parte Gordan,* 92 Cal. 478 [28 P. 489, 27 Am.St.Rep. 154], the trial court issued an order requiring that Gordan "be and appear in person" in court on a certain day and show cause why he should not be adjudged in contempt of court for failing and refusing to comply with an order for the payment of a certain sum for the support of his minor child. On the day fixed Gordan appeared by his attorney who, on behalf of Gordan "offered to file the sworn answer of the latter," and certain affidavits in response to the order to show cause. The court refused to receive the affidavits, or to hear the proceedings on its merits, because Gordan was not personally present. Thereupon, the court adjudged Gordan "guilty of contempt in not appearing personally in court" and ordered his attachment requiring the sheriff to arrest Gordan and bring him before the court. Upon his arrest Gordan sought his release by a petition for a writ of habeas corpus. In ordering Gordan released the court said (p. 480): "In civil proceedings, and even in many criminal proceedings not involving a felony, a party may appear in person or by counsel. Of course, in proper cases, he may be taken under attachment or warrant of arrest; and, within certain territorial limits, a person may be compelled to attend court as a witness by the process of subpoena. But in the case at bar, Gordan was merely summoned to appear in court on a certain day, and show cause why a certain thing should not be done. He appeared on said day by counsel, and offered to show cause. This he had a right to do, and the court should have proceeded to hear and determine the issue before it. That

part of the order which commanded him to appear in person the court had no power to make; and the subsequent order for his arrest, for not appearing personally, had no jurisdictional basis.''

. In *In re Claasen,* 36 Cal.App.2d 155 [97 P.2d 254], the court said that the rule declared in *Ex parte Gordan, supra,* ''has apparently never been modified or abrogated. Quite to the contrary it has been restated and applied in later cases, notably *Foley* v. *Foley,* 120 Cal. 33 [52 P. 122, 65 Am.St.Rep. 147]; *Bakeman* v. *Superior Court,* 37 Cal.App. 785 [174 P. 911].'' More recently the rule was followed in *Silvagni* v. *Superior Court,* 157 Cal.App.2d 287, 291-292 [321 P.2d 15]. The attorneys for the real parties in interest have ignored the cases we have just discussed, some of which are cited in petitioner's points and authorities, and have cited many cases holding, in substance, that an appearance by an attorney for a defendant in a criminal action in the absence of the defendant is not sufficient. These cases are not applicable to the case at bench.

We hold, accordingly, that the court had no power to order the issuance of a bench warrant on January 19, 1968, for the purpose of compelling the attendance of Morelli in court in person in response to the order to show cause, and that in doing so it exceeded its jurisdiction. At the same time we must emphasize the fact that the respondent court still has jurisdiction to hear and determine the charge that Morelli is in contempt of court for failing and refusing to obey the subpoena duces tecum, and has the duty to permit Morelli to appear by his attorney without requiring him to appear personally.

Let a peremptory writ of prohibition issue commanding the Superior Court for Los Angeles County to refrain from enforcing its order of January 19, 1968, for the issuance of a ''bench warrant (attachment of defaulter)'' and from any further proceedings with respect thereto. The petition for a writ of prohibition to restrain said court from hearing and determining the proceedings based on the order of November 2, 1967, requiring petitioner to show cause why he should not be adjudged in contempt of court for his refusal to obey the subpoena duces tecum issued September 18, 1967, is denied. .

Wood, P. J., and Fourt, J., concurred.