[L.A. No. 29649. In Bank. Dec. 9, 1969.]

DINO A. MORELLI, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

**COUNSEL**

James Jess for Petitioner.

John D. Maharg, County Counsel, Edward H. Gaylord, Assistant County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondent.

**OPINION**

**McCOMB, J.**—Petitioner seeks prohibition restraining further proceedings on a pending contempt citation and mandamus commanding respondent court to recall and annul certain bench warrants issued by it upon petitioner's failure to obey a subpoena duces tecum in civil proceedings formerly pending in respondent court.

Petitioner, a professor at the California Institute of Technology, was an expert witness in a civil action filed in repondent court. Upon his failure to appear for a deposition in response to a subpoena duces tecum served upon him, the plaintiffs in the civil action instituted civil contempt proceedings against him. On November 2, 1967, respondent court issued an order to show cause why petitioner should not be held in contempt for failure to obey the subpoena duces tecum.

Petitioner failed to appear at the noticed hearing, and respondent court issued a bench warrant with bail fixed at $500. Petitioner was arrested, posted bail, and was again ordered to appear on the order to show cause. He again failed to appear. His bail was then ordered forfeited, and the proceedings were continued to January 19, 1968.

On January 19, 1968, petitioner appeared only through his attorney, who challenged the jurisdiction of the court. Respondent court, although accepting the special appearance of petitioner's attorney, was of the opinion that it had the right to compel petitioner to appear in person, and therefore ordered issuance of another bench warrant with bail fixed at $5,000 plus a penalty assessment of $750, refusing to proceed with the hearing in petitioner's absence. Petitioner, in proceedings prior to those in the instant matter, sought prohibition. (*Morelli* v. *Superior Court*, 262 Cal.App.2d 262 [68 Cal.Rptr. 572].)

In such prior proceedings, the Court of Appeal, citing *Ex parte Gordan*, 92 Cal. 478 [28 P. 489, 27 Am.St.Rep. 154], held that petitioner was entitled to appear through his attorney at the January 19, 1968, hearing on the order to show cause and that the trial court did not have the power to require his appearance in person. Accordingly, the Court of Appeal ordered the issuance of its peremptory writ of prohibition commanding respondent court to refrain from enforcing its order for issuance of the second bench warrant, wherein bail was fixed at $5,000 plus $750 penalty assessment.

At the same time, the Court of Appeal, on the ground that the petition for prohibition was premature, since there had not been a final adjudication of contempt, denied the writ of prohibition "to restrain said court from hearing and determining the proceedings based on the order . . . requiring petitioner to show cause why he should not be adjudged in contempt of court for his refusal to obey the subpoena duces tecum. . . ." In this connection, the court stated: "[W]e must emphasize the fact that the respondent court still has jurisdiction to hear and determine the charge that [petitioner] is in contempt of court for failing and refusing to obey the subpoena duces tecum, and has the duty to permit [him] to appear by his attorney without requiring him to appear personally." (P. 270 [5] of 262 Cal.App.2d.)

Following determination of the prior prohibition proceedings, the plaintiffs in the basic action, who had originally charged petitioner with contempt, dismissed that cause with prejudice and advised respondent court that such a dismissal had been filed.[1] Thereafter, on June 25, 1968, respondent court, on its own motion, issued a further order to show cause in re contempt based on the original order to show cause, dated November 2, 1967, ordering petitioner to appear on August 9, 1968, either in person or through his attorney. A copy thereof was sent to the attorney who had been present on petitioner's behalf on January 19, 1968, at the time set for a hearing on the order to show cause.

On August 9, 1968, when petitioner failed to appear either personally or through his attorney, respondent court continued the matter to September 13, 1968, and ordered the issuance of another bench warrant with bail fixed at $5,000 plus penalty assessment. Petitioner did not appear at the September 13, 1968, hearing either personally or through his attorney, and the matter was continued to October 1, 1968, and subsequently to October 29, 1968. A motion by petitioner to vacate the order for his arrest, previously set for an earlier date, was likewise continued to October 29, 1968.

During the course of the proceedings, petitioner sought by motions under section 170, subdivision 5, and 170.6 of the Code of Civil Procedure to disqualify the judge who had issued the orders to show cause and was to hear the matters. Petitioner's motion under section 170, subdivision 5, for actual alleged bias or prejudice was heard by a different judge, who found the declarations in support thereof to be insufficient and denied the motion on October 28, 1968. Petitioner's motion under section 170.6 was heard on October 29, 1968, by the judge who issued the orders to show cause and was denied by him as being untimely filed.[2]

On October 29, 1968, after petitioner's motion under section 170.6 of the Code of Civil Procedure was denied, petitioner's present counsel

[1]The plaintiffs in the basic action were real parties in interest in the prior proceedings before the Court of Appeal (262 Cal.App.2d 262), but, in view of the dismissal of their action, are not involved in the proceedings now before this court.

[2]On July 30, 1968, the attorney who was present at the January 19, 1968, hearing and appeared specially for petitioner wrote to the judge who had issued the orders to show cause (before whom they were therefore to be heard), arguing that petitioner had not been properly served with the orders to show cause and indicating that he was not authorized to make an appearance for petitioner until after petitioner had been personally served with the current order to show cause. In his letter, the attorney indicated clearly that petitioner was his client. Accordingly, it would seem that the judge scheduled to hear the matter was known to petitioner at least 10 days before the date set for hearing (August 9, 1968). Under the terms of section 170.6, the motion had to be made at least five days before that date, but petitioner's motion was not made until almost the end of September.

indicated that he was not prepared to go forward on the order to show cause and that he was appearing specially for petitioner but only on the motion to vacate the order for petitioner's arrest. At that time, respondent court again ordered a bench warrant to be issued with bail fixed at $5,000 plus penalty assessment, but further directed that the sheriff execute only one warrant with bail fixed at $5,000 plus penalty assessment. There has been no service on petitioner of any of the warrants with such bail and penalty assessment. Proceedings on the order to show cause and on petitioner's motion have been continued pending petitioner's application for relief in the present proceedings.

Question: *Is petitioner subject to punishment for contempt even though the contempt proceedings arose out of a civil action which has been terminated?*

*Yes.* When a witness has disobeyed a subpoena duly served upon him in a pending action, he has committed a contempt. (Code Civ. Proc., § 1209, subd. 9). The court may then punish him for a criminal contempt by imposing upon him a fine not exceeding $500 or imprisonment not exceeding five days, or both (Code Civ. Proc., § 1218). When the contempt consists in the omission to perform an act which is still within the person's power to perform, the court may, in the alternative, punish him for a civil contempt and order him imprisoned until he has performed the act (Code Civ. Proc., § 1219). (For a discussion of criminal and civil contempts, see *In re Morris,* 194 Cal. 63, 66-67 [1, 2] [227 P. 914].)[3]

■ If the action in which the person was subpoenaed as a witness is later terminated, it would no longer be possible for him to testify therein. As a result, it would not then be within his power to perform the act he was previously ordered to perform, and he could not be punished for a civil contempt. (*Harris* v. *Texas & Pac. Ry. Co.,* 196 F.2d 88, 89-90; *Ex parte Overend,* 122 Cal. 201, 203-204 [54 P. 740]; *Ex parte Rowe,* 7 Cal. 175, 177.) That is the situation here.

■ A termination of the action, however, does not prevent the court from imposing punishment for a criminal contempt committed therein. (*In re Robbins,* 212 Cal. 534, 535-536 [299 P. 51]; *Ex parte Acock,* 84 Cal. 50, 55 [23 P. 1029]; *Dolley* v. *Ragon,* 67 Cal.App. 731, 732 [228 P. 664]; see also *Whitlow* v. *Superior Court,* 87 Cal.App.2d 175 [196 P.2d 590].) Thus, respondent court still has authority to punish petitioner for a criminal contempt if the proper procedural safeguards are preserved and the

[3]If a subpoena is issued after an action has been dismissed, and the person subpoenaed fails to obey it, he cannot be punished for either a civil contempt or a criminal contempt, as under such circumstances the court would have lost jurisdiction before issuance of the subpoena. (*Schultz* v. *Superior Court,* 69 Cal.App.2d 530, 532-533 [2, 3] [159 P.2d 417].)

evidence is sufficient to warrant finding him guilty of a criminal contempt.

Where the primary object of contempt proceedings is to protect the rights of litigants, the proceedings are regarded as civil in character. On the other hand, where the object of the proceedings is to vindicate the dignity or authority of the court, they are regarded as criminal in character even though they arise from, or are ancillary to, a civil action. (See 12 Cal.Jur.2d (1953) Contempt, § 5, p. 9.)

In the present matter, it would appear that the object of the proceedings is to vindicate the dignity or authority of respondent court and that respondent court contemplated treating the contempt as a criminal contempt. Thus, on August 9, 1968, at the time a hearing was scheduled on the order to show cause but neither petitioner nor his counsel appeared, respondent court stated: "[T]he question now is whether [petitioner] is superior to the Superior Court of Los Angeles County. That is how I see the problem, because he has seen fit to ignore each and every subpoena of the Court. . . ."

Petitioner contends that the affidavit on which the November 2, 1967, order to show cause was based was defective in several respects (principally in failing to state his residence) and that, as a result, service on him was invalid. Since the order to show cause issued June 25, 1968, was predicated to some extent on the prior order to show cause, he claims that respondent court lacks jurisdiction to proceed herein.

He further argues that, in addition, there has been no valid service on him of a copy of the order to show cause issued June 25, 1968. Admittedly, petitioner has not been personally served therewith, but a copy of the order was mailed to the attorney who was present on petitioner's behalf at the January 19, 1968, hearing. (See Code Civ. Proc., §§ 1010-1013.) Subsequently, the attorney, although contending he was not authorized to accept service on behalf of petitioner, acknowledged that he had received the copy mailed to him and that he represented petitioner.

To begin with, the affidavit alleged to be defective has not been made a part of the record, and the question of its sufficiency is therefore not properly before this court. (*Weller* v. *Chavarria,* 233 Cal.App.2d 234, 246 [8] [43 Cal.Rptr. 364].) In any event, however, petitioner will, at the hearing to be held on the order to show cause issued June 25, 1968, have an opportunity to present evidence that he was not validly served with a copy of either order to show cause.

Furthermore, petitioner's contention that service of the order to show cause issued November 2, 1967, was invalid because of defects in the

supporting affidavit was raised in the prior proceeding before the Court of Appeal, which held at page 266 of 262 Cal.App.2d: "As we read his petition, Morelli [petitioner] appears to contend, first, that the court had no jurisdiction to order the issuance of either bench warrant because the service of the subpoena duces tecum was 'improper' and that the 'alleged Order to Show Cause [issued November 2, 1967] is inadequate' in certain particulars. It is enough to say that the subpoena duces tecum served on [petitioner] ordering him to appear for his deposition and the order to show cause appear regular on their face. The question of whether the service of the subpoena duces tecum was proper was available to him by way of defense to the order to show cause. Again, any question as to the adequacy of the order to show cause and of the affidavit and declaration on which it was based could and should have been raised by an appropriate pleading in response to that order."

The alternative writ of prohibition and the alternative writ of mandate heretofore issued are discharged, and the peremptory writ of prohibition and the peremptory writ of mandate are denied.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

Petitioner's application for a rehearing was denied January 8, 1970.