[Civ. No. 30691. Fourth Dist., Div. Three. Nov. 9, 1983.]

GARY THOMAS FARACE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
KE!REN EILEEN HALE, Real Party in Interest.

**COUNSEL**

Sidney L. Radus and David Boros for Petitioner.

No appearance for Respondent.

Robert A. Espinosa for Real Party in Interest.

**OPINION**

**WALLIN, J.**—This case involves a contempt hearing at which neither the contemner nor his attorney was present.

## FACTS

Real party in interest Hale filed an affidavit in superior court charging petitioner Farace with contempt for failure to pay child support as ordered. The superior court issued an order to show cause why Farace should not be held in contempt. The facts regarding service of the order to show cause are in dispute. Hale claims Farace was properly served by a private service using a recent photograph to identify him. Farace claims he was not at home and the papers were mistakenly served on his brother. There is no dispute the brother's attorney informed Hale's attorney the wrong person had been served. Farace claims to have had no actual knowledge of the contempt proceeding.

At the hearing on the order to show cause neither Farace nor his attorney was present. Hale's attorney alleged Farace had been evading service but had finally been properly served. However, Hale's attorney also informed the court he had been notified the wrong person had been served. The court made no finding regarding the validity of service. At the close of the hearing the court found Farace in contempt and issued a bench warrant for his arrest. At the sentencing hearing Farace made a motion to quash the order to show cause and set aside the contempt order on the grounds of improper service. The court stated it had no jurisdiction to set aside the contempt order and proceeded to sentence Farace.

## DISCUSSION

The issue is whether a contempt hearing can be held in the absence of the contemner and his attorney when there is no finding the contemner wilfully absented himself. We conclude a contempt hearing cannot be held under those circumstances.

Civil contempt proceedings are quasi-criminal because of the penalties which may be imposed. (*In re Martin* (1977) 71 Cal.App.3d 472 [139 Cal.Rptr. 451].) Certain procedural safeguards extended to criminal defendants must therefore be extended to the contemner. For example, Farace is entitled to a formal hearing as a matter of right where he may call and cross-examine witnesses and introduce evidence in defense of the charge. (Code Civ. Proc., § 1217; *Sheldon* v. *Superior Court* (1967) 257 Cal.App.2d 541 [65 Cal.Rptr. 59].) He is entitled to a presumption of innocence. (*In re Martin, supra,* 71 Cal.App.3d at p. 480; citing, *Bennett* v. *Superior Court* (1946) 73 Cal.App.2d 203, 224 [166 P.2d 318].) He cannot be compelled to testify. (*In re Martin, supra,* 71 Cal.App.3d at p. 480.) And the contempt must be proved beyond a reasonable doubt. (*In re Coleman* (1974) 12 Cal.3d 568 [116 Cal.Rptr. 381, 526 P.2d 533].)

■ Because of the criminal nature of the proceedings we believe the contemner must also appear at the hearing. (Cf. *People* v. *Benjamin* (1975) 52 Cal.App.3d 63 [68 Cal.Rptr. 572].) The appearance may be in person, by attorney (*Morelli* v. *Superior Court* (1968) 262 Cal.App.2d 262, 269 [68 Cal.Rptr. 572]) or by affidavit (*Darden* v. *Superior Court* (1965) 235 Cal.App.2d 80 [45 Cal.Rptr. 44]). The situation is analogous to a misdemeanor trial when the defendant or his authorized attorney fail to appear. Under Penal Code section 1043, subdivision (e) the court may: "(1) Continue the matter. . . . (3) Issue a bench warrant. (4) Proceed with trial if the court finds the defendant has absented himself voluntarily with full knowledge that the trial is to be held or is being held."

■ Each of these procedures could have been applied in this case. When Farace and his attorney failed to appear at the contempt hearing the court could have continued the matter. In view of the possible service problem this would have given Hale's attorney time to ensure Farace had been properly served. Furthermore, the court could have issued a bench warrant to secure Farace's presence. (Code Civ. Proc., § 1212; *In re Passalacqua* (1954) 128 Cal.App.2d 230 [275 P.2d 160].) Finally, the hearing could have proceeded *if* the trial court found Farace had been properly served and voluntarily absented himself with full knowledge of the hearing. (*In re Morelli* (1970) 11 Cal.App.3d 819, 847, fn. 21 [91 Cal.Rptr. 72].) But where there was no appearance and no findings of valid service and voluntary absence we hold it was error for the court to proceed with the contempt hearing. (Cf. *People* v. *Semecal* (1968) 264 Cal.App.2d Supp. 985 [69 Cal.Rptr.761].)

Let a writ of mandate issue ordering the lower court to vacate the contempt order dated March 24, 1983. The alternative writ is discharged. The real party in interest may proceed by obtaining a new order to show cause and serving it on Farace.

Trotter, P. J., and Sonenshine, J., concurred.