UNITED STATES

v.

**Airman First Class Richard L. WATSON, FR 248–80–5818 United States Air Force.**

**ACM 23431.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 Feb. 1982.

Decided 3 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the Government: Colonel James P. Porter and Major Michael J. Hoover.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

HODGSON, Chief Judge:

Tried by general court-martial, the accused was convicted, contrary to his pleas, of wrongfully introducing marijuana onto an Air Force Base for purpose of transfer, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, 42 months' confinement at hard labor, and reduction to airman basic.

I

The paramount issue before the court is the seizure of approximately 1,220 grams of marijuana hidden in a box shipped from Clark Air Base, Republic of the Philippines, to Kadena Air Base, Japan, aboard a military chartered aircraft. After the aircraft arrived at Kadena Air Base, and the passengers had retrieved their luggage, several items remained on the conveyor belt. Staff Sergeant Holmes, a Security Police Customs Inspector at the Kadena passenger terminal, noticed a box that was nailed shut and sealed with glue. In his experience, boxes were sealed in this fashion to prevent the odor of marijuana from escaping. He

opened the box and found a closed wooden cookie jar containing marijuana. The box was re-sealed and left with the lost and found section where a Sergeant Page claimed it. Page was apprehended and later implicated the accused.

After being questioned by law enforcement officers, the accused admitted his part in a scheme with Page and a Lieutenant Riley to transport marijuana from Clark Air Base to Kadena Air Base. However, at trial he denied any involvement with the drug shipment, contending his pretrial statements were false and the result of "pressure" from the Office of Special Investigations (OSI).

■ At the outset, the accused contends that since the government presented no evidence on the defense motion to suppress the marijuana, the military judge erred in denying that motion. Mil. R. Evid. 311(e)(1).

It is apparent that the trial participants treated counsel's assertions as evidence, and there was no dispute by either side as to how the marijuana was discovered. Although such assertions do not qualify as evidence, *United States v. Barbeau,* 9 M.J. 569 (A.F.C.M.R. 1980), in our view there was sufficient evidence in the record to sustain the trial judge's ruling admitting the evidence. *United States v. Barbeau, supra.*

We accept, *arguendo,* the accused's position that he had standing to object to the search. *See generally United States v. Haes,* 551 F.2d 767 (8th Cir. 1977); *United States v. Lonabaugh,* 494 F.2d 1257 (5th Cir. 1973). We hold the search was conducted pursuant to Mil. R. Evid. 314(c) and was therefore valid. Citing *United States v. Paige,* 7 M.J. 480 (C.M.A. 1979), the accused contends that Holmes lacked probable cause to make a "customs inspection." He further suggests that Mil. R. Evid. 314(c) has no application to a military chartered aircraft which leaves a United States military installation in one foreign country and arrives at a United States military installation in another foreign country with no intermediate stops.

■ We are of the opinion that *United States v. Paige, supra,* is not applicable for two distinct reasons. First, since reconsideration in *Paige* was denied by an equally divided court, it is not precedent that is binding upon us. *United States v. Pereira,* 13 M.J. 632 (A.F.C.M.R. 1982). Second, the decision in *Paige* preceded Mil. R. Evid. 314(c), the pertinent provisions of which state:

> Rule 314. Searches Not Requiring Probable Cause.
>
> \*  \*  \*  \*  \*  \*
>
> (c) *Searches upon entry to United States installations, aircraft, and vessels abroad.* In addition to the authority to conduct inspections under rule 313(b), a commander of a United States military installation, enclave, or aircraft on foreign soil, or in foreign or international airspace, or a United States vessel in foreign or international waters, may authorize appropriate personnel to search persons or the property of such persons upon entry to the installation, enclave, aircraft, or vessel to ensure the security, military fitness or good order and discipline of the command. Such searches may not be conducted at a time or in a manner contrary to an express provision of a treaty or agreement to which the United States is a party. Failure to comply with a treaty or agreement, however, does not render a search unlawful within the meaning of rule 311. A search made for the primary purpose of obtaining evidence for use in a trial by court-martial or other disciplinary proceeding is not authorized by this subdivision.

The need for such authority was recognized by Chief Judge Fletcher in *United States v. Rivera,* 4 M.J. 215 (C.M.A. 1978), in which he applied the border search doctrine to entry searches on United States military installations in foreign countries. *See Generally,* S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence* 137 (1981). Chief Judge Fletcher observed:

[S]earches made at the border, pursuant to the long standing right of the sovereign to protect itself by stopping and examining persons and *property* crossing into the country, are reasonable simply because they occur at the border. (emphasis supplied).

This parallels the federal decisions that border searches are "reasonable" by the mere fact that they are conducted at borders. *United States v. McPherson*, 664 F.2d 69 (5th Cir. 1981); *Cf. United States v. Dorsey*, 641 F.2d 1213 (7th Cir. 1981).

Our opinion here is buttressed by *United States v. Alleyne*, 13 M.J. 331 (C.M.A. 1982), where Chief Judge Everett discussed, in connection with American military installations overseas, the rationale which supports the right of military authorities to search property entering the installation. He listed five factors that justify the need for border-crossing searches. They are:

(1) the government is interested in protecting some interest of United States citizens, such as restriction of illicit international drug trade, (2) there is a likelihood of smuggling attempts at the border, (3) there are difficulties in detecting drug smuggling, (4) the individual is on notice that this privacy may be invaded when he crosses the border, and (5) he will be searched only because of his membership in a morally neutral class.

*See United States v. Stanley*, 545 F.2d 661 (9th Cir. 1976), *cert. denied*, 436 U.S. 917, 98 S.Ct. 2261, 56 L.Ed.2d 757 (1978).

The fact that the military aircraft involved was enroute between two American installations in different foreign countries did not remove the search from the scope of Mil. R. Evid. 314(c). Accordingly, the evidence obtained as a result of the search of the box at Kadena Air Base, Japan, was admissible.

## II

Appellate defense counsel also urge that testimony as to the "street value," in Japan and the Philippines, of the seized marijuana was irrelevant; and, in any event, its prejudicial impact far outweighed its probative value. This assignment of error is decided against the accused as defense counsel made no objection at trial. Accordingly, the accused may not complain on appeal. Mil. R. Evid. 103(a); *United States v. Taylor*, 12 M.J. 561 (A.C.M.R. 1981).

We have considered the remaining assigned error and have resolved it adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.