**UNITED STATES**

v.

**Technical Sergeant Ernest Rennie HENDERSON, FR 261–94–4427, United States Air Force.**

**ACM 24164.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Aug. 1983.

Decided 25 July 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

This appeal is yet another challenge to the residual hearsay exception as stated in Mil.R.Evid. 804(b)(5). The accused argues that the military judge, by admitting the out-of-court statement of his step-daughter, denied him the right to confront a witness against him in violation of the Sixth Amendment to the Constitution. We find no error that requires setting aside the conviction and affirm.

### I

The issue before us is narrow as the accused judicially confessed to sexually mistreating his step-daughter during a 21 month period that began just before her fourteenth birthday and ended on 6 April 1983, when she ran away from home. Additionally, the defense offered the testimony of the accused's wife, two clergymen, a psychologist and a psychiatrist all of whom testified that the accused admitted to them that he sexually abused his step-daughter.[1]

At trial the main thrust of the defense's presentation was that the accused suffered from paranoid schizophrenia that manifested itself in part through auditory hallucinations. The accused testified that his behavior with his step-daughter was suggested to him by "This guy in my head. I saw this guy,", and this voice would say, "Go ahead and do it. No one will know anyway. She wants you to do it."

The Government disputed the accused's claim that he was not mentally responsible for his actions and contended that he suffered only from a mental disorder diagnosed as Alcohol Dependence, in remission and Atypical Personality Disorder. A Sanity Board concluded that the accused understood the criminality of his conduct, could conform his conduct to the requirements of the law, did understand the nature of the proceedings against him, and could cooperate intelligently in his defense. The insanity issue was submitted to the members with full and complete instructions.

■ Turning now to the issue before us, we observe that notwithstanding appellate defense counsel's assertion that the admission of the child's statement violated the accused's rights under the Sixth Amendment, both the Military Courts of Review and the federal appellate courts have held that statements admitted pursuant to the residual hearsay exception do not violate the confrontation rights of an accused if it is certain the declarant actually made the statement in question and if there is circumstantial evidence supporting the truth of that statement. *United States v. Crayton*, 17 M.J. 932 (A.F.C.M.R.1984); *United*

---

**1.** In his opening statement individual defense counsel, a civilian practitioner, acknowledged that the accused "masturbated his daughter on several occasions" and "that [L] masturbated [the accused] on several occasions" and further "the [accused] had carnal knowledge of his [step-daughter] on several occasions." He conceded that L was telling the truth about what her step-father did to her and urged that his client had nothing to hide.

*States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.), *pet. denied,* 13 M.J. 494 (1982); *see also United States v. Hines,* 18 M.J. 729 (A.F. C.M.R.1984) (Hodgson, C.J. joined by Foray, S.J. concurring in the result); *United States v. Whalen,* 15 M.J. 872 (A.C.M.R. 1983); *United States v. White,* 611 F.2d 531 (5th Cir.1980); *United States v. Blakey,* 607 F.2d 779 (7th Cir.1979).

The statement being challenged is one that LH gave on 29 April 1983, while she was in the hospital. This statement was the result of interviews conducted by Christine Miller of the Montgomery County (Ohio) Children's Service, and was obtained from LH by Special Agent Coyle of the Office of Special Investigations (OSI) and Alice Findley, Child Advocacy Officer. In her statement, LH related that she told her mother in January 1983, what her step-father had been doing to her. Her mother confronted the step-father and a decision was made to start family counselling. This went on for about two weeks when the accused suggested that they continue their prior relationship which resulted in her rubbing his penis and him rubbing her breasts and vagina; at this point LH left home.

 As in *Ruffin, supra,* it is clear that the declarant here made the sworn statement as her signature was on it and the individual who took the statement testified to the surrounding circumstances. LH's non-availability as a witness is also not open to debate as she refused to comply with a subpoena ordering her appearance in court. Mil.R.Evid. 804(a)(5).

 In *United States v. Crayton, supra,* we held that a military judge abused his discretion by admitting an out-of-court statement of a witness who repudiated this statement and gave a plausible explanation in court why it was false. We found this extra-judicial statement to be lacking in "circumstantial guarantees of trustworthiness." The accused seeks to obtain the benefit of this decision by urging that the

trial judge erred by not admitting a letter purportedly from LH wherein she states "having had time to reflect on the entire situation, I find myself *not sure* of *all* the facts that I previously stated were true." [emphasis in the original]. This letter while unsworn was ostensibly witnessed by her grandparents. It was dated 18 August 1983, four days before the trial and the day before she was subpoenaed to appear at trial. In *Crayton, supra,* at 934, we stated:

> Whether an out-of-court statement possesses the required "circumstantial guarantees of trustworthiness" is a question of law and if that trustworthiness is lacking the statement should be excluded. The decision to admit evidence under the [residual hearsay exception] lies within the discretion of the trial judge ..., and unless he clearly abuses that discretion we will not disturb his ruling. (citations omitted)

An accused as well as the Government is required to offer "circumstantial guarantees of trustworthiness" of a statement in order to overcome the hearsay rule. *Jackson v. State,* 421 So.2d 15 (Fla.App. 3d Dist.1982). Other than the same name as the victim and a signature similar to her's, the letter provides nothing to attest to its trustworthiness. What were the circumstances under which the letter was written?; Is that LH's signature on the letter and was it freely given?; and are the witnessing signatures actually those of her grandparents? All of these questions were unanswered at trial. The background surrounding this letter and its execution are totally unknown. The trial judge did not abuse his discretion in not admitting the letter.

 We find appropriate "circumstantial guarantees of trustworthiness" in this record to sustain the trial judge's ruling admitting LH's statement of 29 April.[2] Her disclosures to the Children's Service

---

**2.** Prosecutors would do well to remember that "circumstantial guarantees of trustworthiness" is a standard to be met and not a legal phrase to be cited. For example, in the case before us it

would have been beneficial to know when LH entered the hospital and for what reason. Was there a medical examination and by whom? *See* Mil.R.Evid. 803(4).

and the OSI were made before there was any action pending and there was no apparent incentive to falsify or distort. *State v. White,* 234 Kan. 340, 673 P.2d 1106 (1983). The statement related in detail the extent of the accused's misconduct with his stepdaughter and it was clearly more probative on the point for which it was offered than any other available evidence. However, assuming, *arguendo,* that the evidence establishing trustworthiness was lacking when the trial judge admitted LH's statement, it was certainly there at the close of the case. Her mother's testimony and that of other witnesses made it clear beyond contradiction that the events that LH related took place and her account of them was accurate and trustworthy. It is sufficient if the required "circumstantial guarantees of trustworthiness" are forthcoming at some point in the trial. *United States v. Watson,* 14 M.J. 593 (A.F.C.M.R.1982); *accord United States v. Manuel,* 3 U.S.C.M.A. 739, 14 C.M.R. 157 (1954); *Adolfson v. United States,* 159 F.2d 883 (9th Cir.1947), *cert. denied,* 331 U.S. 818, 67 S.Ct. 1307, 91 L.Ed. 1836 (1947). *Tingle v. United States,* 38 F.2d 573 (8th Cir.1930).

## II

■ Appellate counsel contend that since the evidence tended to establish that the accused occasionally drank to excess during the period involved, the defense of voluntary intoxication was raised, and the trial judge erred by not instructing the members on this issue notwithstanding that no such instruction was requested by the trial defense counsel. We have reviewed the evidence appellate counsel urges as the basis for this instruction, and find it to be inadequate for that purpose. When questioned by his counsel in this area the following exchange took place:

Q. During the period of time you were having these episodes with L were you drinking more?

A. That's kind of a hard question to answer, because sometimes I would drink, but then again I wouldn't drink any at all.

Evidence which goes no further than to merely indicate that the accused drank from time to time is clearly insufficient to require an unrequested instruction on voluntary intoxication. *United States v. Park,* 25 C.M.R. 841 (A.F.B.R.1958); *United States v. Niemic,* 14 C.M.R. 813 (A.F.B.R.1954). The defense of voluntary intoxication was not raised by the evidence, and therefore no instruction was required.

The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and O'HAIR, Judge, concur.