UNITED STATES

v.

**Senior Airman David L. COX, FR 587–80–7035, United States Air Force.**

**ACM 24635.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Oct. 1984.

Decided 1 Aug. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., Lieutenant Colonel Donal F. Hartman, Jr., and Captain Joseph S. Kistler.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A court-martial consisting of members convicted the appellant, contrary to his pleas, of wrongful possession of 2133 grams of marijuana. The court sentenced him to a dishonorable discharge, six years confinement, forfeiture of all pay and allowances, and reduction to airman basic. On appeal he asserts that certain comments made by the staff judge advocate to the convening authority on the subject of the availability of parole were misleading and prejudicial. We agree and return the record for a new recommendation and action.

### I

■ The staff judge advocate prepared two main post-trial documents for review by the convening authority. One is the recommendation required by R.C.M. 1106. The other document, entitled Clemency Review: SrA David Cox, is the subject of the appellant's appeal. This letter is in response to matters submitted by the appellant under R.C.M. 1105 and was prepared separately from the addendum to the Staff Judge Advocate's Recommendation. The appellant asserts that this document was misleading because it contained the following sentence:

Even though no promises or predictions can be made as to whether parole will be granted, there is no reason to believe that SrA Cox will have to serve more than one-third of the approved sentence.

We agree with the appellant that this statement creates an inaccurate impression of the parole system in the Air Force, and could have led the convening authority to approve a longer sentence to confinement than he might otherwise have felt was appropriate.

In an 11 September 1984 letter, subject: Confinement update, June 1984, the Special Assistant for Clemency and Rehabilitation, Office of The Judge Advocate General, USAF, stated that during the first half of fiscal year 1984 "only 10% of those Air Force prisoners eligible for parole were in fact paroled." This included prisoners at all stages in their sentences, not just first time eligibles. This trend continued for all of fiscal year 1984.* When only 10% of those eligible are being granted parole, we cannot say that any prisoner is assured of receiving a parole.

In an article prepared for The Reporter, Spring 1985 issue, the Special Assistant for Clemency and Rehabilitation cautions that

[i]t is important that those in the military justice system, involved with an accused prior to trial and with prisoners after conviction, not create an expectation of release on parole. Parole eligibility, which generally occurs after one-third of a sentence to confinement is served for those with unsuspended discharges and sentences of over a year, does not mean automatic conditional release on parole.

Parole of Air Force prisoners is governed by Air Force Regulation 125–23, Parole of Air Force Prisoners From Disciplinary Barracks, 17 November 1976. Unlike some state regulations, there are no presumptions in the Air Force regulation that a prisoner will be released on parole. Unfounded comments like those complained of

---

* Markiewicz, The Reporter, Spring 1985, 20. (Published by the Office of The Judge Advocate General, USAF).

in this appeal tend to develop an expectation of release on the part of both prisoners and convening authorities. Because there is no regulatory presumption in favor of parole, and because in actual practice only a small fraction of those eligible are ever paroled, it is unfair to lead either persons being court-martialed or convening authorities to believe that there is any assurance of an Air Force prisoner being paroled.

We cannot tell what effect this information about parole had on the convening authority's decision on the appropriateness of the sentence. For that reason, the record must be returned to the convening authority for a new recommendation and action.

## II

■ The appellant also asserts that he was denied adequate representation of counsel because his trial defense counsel did not call a witness the appellant now characterizes as crucial. This error is without merit. Appellant's brief and trial defense counsel's affidavit filed by the government reveal that trial defense counsel had a tactical reason for not calling the witness. In general we will not second guess tactical decisions made by counsel at trial. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977).

■ The other error asserted by the appellant, that the response to the clemency letter was not served on the appellant for comment prior to the convening authority's action, is also resolved against him. There is no provision for an analysis by the staff judge advocate of matters submitted under R.C.M. 1105 unless there are allegations of legal error. When legal error is alleged, the staff judge advocate must comment on it in his recommendation. R.C.M. 1106(d)(4). When that occurs, the normal entitlements to defense response would apply. When the letter submitted under R.C.M. 1105 does not allege legal error, and has not been discussed in the staff judge advocate's recommendation, there is no requirement for the defense to be allowed time to comment on any remarks the staff judge advocate may make to the convening authority about the letter.

## III

A number of motions have been filed by appellate counsel. The most unusual is a government motion to strike certain averments made by appellate defense counsel in his brief. At the specific request of the appellant, part of the defense brief discusses the issue of inadequate representation of counsel. In the brief, appellate defense counsel included his own assertions of certain facts about the development of the case based on his telephone conversations with both military and civilian trial defense counsel.

■ Viewed in the best light, the averments of the defense counsel are analogous to offers of proof at trial. Offers of proof are not evidence and do not establish the truth of the facts related therein. *United States v. Thompson,* 11 U.S.C.M.A. 252, 29 C.M.R. 68 (1960); *United States v. Barbeau,* 9 M.J. 569 (A.F.C.M.R.1980). Offers of proof are only appropriate at trial and only in limited circumstances. Mil.R.Evid. 103(a)(2). They are not appropriate in an appellate court. We realize the difficult position appellate defense counsel can be placed in when clients are convinced they were poorly represented at trial. It is even more difficult when both civilian and military defense counsels participated at trial. However, even this knowledge does not incline us to accept assertions of appellate counsel.

Much of the information in the averments was available to us from other sources such as the affidavit of the trial defense counsel filed by the government. Accordingly, the appellant was not prejudiced by these statements having been included in the defense brief. As an appellate court with fact finding power, we are capable of sifting the information presented by counsel and assigning appropriate weight to it. U.C.M.J., Art. 66(c), 10 U.S.C. § 866(c); *see also United States v. Watson,* 14 M.J. 593 (A.F.C.M.R.1982). It is

therefore unnecessary to strike the offensive statements. We view the government motion as unnecessarily harsh and intrusive on the counsel concerned. The motion to strike the defense counsel's averments is denied.

Turning to the other motions, the defense motions to file documents concerning the Headquarters, United States Air Force/JAJR 11 September 1984 letter and associated documents, dated 11 February 1985, and to file affidavits from the accused, dated 20 March 1985, are granted. The government motion to file the affidavit of the trial defense counsel, dated 16 April 1985, is also granted.

### IV

For reasons stated in this opinion, the record is returned to: The Judge Advocate General for transmission to the convening authority for a new recommendation and action.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.