**UNITED STATES**

v.

**David M. MOW, 314 68 4275 Gunner's Mate (Guns) First Class (E–6), U.S. Navy.**

**NMGM 86 0441.**

U.S. Navy-Marine Corps Court of Military Review.

31 July 1986.

CDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LT DONALD F. O'CONNOR, JAGC, USNR, Appellate Defense Counsel.

CAPT H.C. LASSITER, USMCR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

PER CURIAM:

Contrary to his plea, appellant was convicted of wrongfully using marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. He was sentenced to forfeitures of $100.00 pay per month for one month, reduction to pay grade E–4, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The Government's case consisted solely of an uncontested urinalysis report indicating the presence of THC in appellant's urine. The appellant defended on the theory of unknowing ingestion. In support of that theory, the defense called an expert witness who testified that appellant's positive urinalysis reading could have resulted from oral ingestion of either marijuana or hashish. Appellant testified on the merits that he did not knowingly use marijuana and steadfastly maintained that he "adhered to the Navy's policy of no drug use on or off duty on or off base." In an attempt to explain his unknowing ingestion, appellant testified that four days prior to his submitting a urine sample, he was working at his farm where he ate some rum raisin nut balls. Defense counsel then offered into evidence a notarized statement of one John H. Wascom, a friend of appellant's brother. In the statement, Wascom admitted that he (Wascom) had made some rum raisin nut balls which were laced with marijuana and hashish. He stated that he brought the rum balls over to

appellant's home, and appellant ate some of them unaware that they were tainted. Trial counsel objected to the statement as being inadmissible hearsay. The defense counsel, on the other hand, contended that the statement was admissible under Military Rule of Evidence (M.R.E.) 804(b)(3) in that attempts to locate Wascom prior to trial had proved to be unsuccessful.

The military judge found that Wascom was not unavailable and ruled that the statement constituted hearsay not within any recognized exception. Defense counsel then sought a continuance in order to produce the witness. The request was denied by the military judge.

The military judge's ruling was in error. An accused has the right to compel the production of any witness on the merits or on an interlocutory question whose testimony would be relevant and necessary to a matter in issue at trial. R.C.M. 703(b); *United States v. Bowman,* No. 85 2384 (NMCMR 21 April 1986); *see also United States v. Qualls,* 9 M.J. 662 (N.C.M.R.1980). There is no right to the production of witnesses who are declared by the military judge to be unavailable within the meaning of M.R.E. 804(a) unless that witness's testimony is of such central importance so as to be essential to a fair trial and where there is no adequate substitute for such testimony. R.C.M. 703(b)(3). In such an instance the military judge "shall grant a continuance or other relief in order to attempt to secure the witness's presence or shall abate the proceedings, unless the unavailability of the witness is the fault of or could have been prevented by the requesting party." *Id.*

In the case *sub judice,* the use of Wascom's statement was warranted because meaningful efforts to locate him had been unsuccessful. When faced with the military judge's ruling on the admissibility of Wascom's statement, defense counsel had no adequate substitute for the testimony and thus had no alternative but to attempt to locate the witness. We find that Wascom's testimony was of such central importance so as to be essential to a fair trial and that the fact that the appellant was effectively prevented from presenting the linchpin of his defense constitutes good cause for granting a continuance under R.C.M. 703(b)(3). The defense request was not untimely given the circumstances of the case, and the granting of a continuance would not have presented any significant interference with the Government's ability to prosecute. *See United States v. Hawkins,* 6 U.S.C.M.A. 135, 19 C.M.R. 261 (1955). In short, we find that the military judge's ruling on appellant's motion for a reasonable continuance denied him the opportunity to fully and fairly litigate his case and to present a potentially meritorious defense. As such, the ruling constitutes an abuse of judicial discretion.

Accordingly, the findings and sentence are set aside. A rehearing may be ordered.