**UNITED STATES**

v.

**Airman Robert E. WILLIAMS, FR 342–56–5271, United States Air Force.**

**ACM S27185.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 May 1986.

Decided 11 Dec. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport, Major David F. Barton and Major Mark C. Ramsey, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

In *United States v. Hinton*, 21 M.J. 267 (C.M.A.1986), the Court of Military Appeals made it clear that individuals seeking evidence in their defense are entitled to the full cooperation of the United States in securing compliance with subpoenas issued in their behalf. The issue before us is whether the appellant was denied this right, and centers on the trial judge's refusal to grant a continuance until a subpoenaed defense witness, whose testimony was crucial, could be located.

At trial the appellant stipulated that on 11 October 1985, a random drug test disclosed the presence of cocaine in his urine. He denied using cocaine and contended that his brother-in-law, Bernard Ballard, had put cocaine in his beer the evening of 10 October without his knowledge. During an interview on 11 March 1986, Ballard admitted to appellant's counsel that he, Ballard, had put approximately ¼ gram of cocaine in the appellant's beer without him knowing it. He did it because he was "angry" with the appellant for objecting to his use of marijuana in his sister's apartment. The confrontation between the appellant and his brother-in-law regarding the latter's marijuana use was witnessed by the appellant's former roommate who testified at trial. Ballard's mother also testified that her son was "involved with drugs" and that animosity existed between the appellant and her son.

Ballard was issued a subpoena on 25 April 1986 to testify at the appellant's trial

then scheduled for 29 April. When he appeared on the 29th, he was given a second subpoena ordering his appearance on 12 May. Apparently, the appellant's trial was delayed until a grant of immunity could be obtained for Ballard, who was reluctant to testify without it. On 12 May, Ballard did not appear and, therefore, was not told that the trial had been delayed until 27 May. After the grant of immunity was secured, the prosecution attempted to again subpoena Ballard, but was unable to do so.

■■■■ There is no question that Ballard's testimony went to the core of the appellant's defense, and if believed by the members might have resulted in an acquittal. *See United States v. Lineberry*, 8 C.M.R. 767 (A.F.B.R.1953). The appellant offered to stipulate to Ballard's testimony, but the prosecution was adamant in its refusal. Trial defense counsel then sought to admit his affidavit wherein he outlined Ballard's verbal admissions that he had laced the appellant's beer with cocaine and the reason why he did it. It was the appellant's position that Ballard's out-of-court admission was a statement against interest and admissible under Mil.R.Evid. 804(b)(3). The Rule requires that "a statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." There is, however, a view that a third party statement that tends to exculpate an accused may not require the extensive corroborating evidence that an inculpating statement needs. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The trial judge excluded Ballard's statement for he found insufficient corroborating evidence to support its trustworthiness. The decision to admit or reject evidence offered under Mil.R.Evid. 804(b)(3) lies within the discretion of the trial court and unless he clearly abuses that discretion we will not disturb his ruling. *United States v. Henderson*, 18 M.J. 745 (A.F.C.M.R.1984). We find no abuse in the lower court's decision on this matter.

Having been unsuccessful in getting before the court Ballard's stipulated testimony or his admission to a third party that he spiked the appellant's beer without his knowledge, trial defense counsel moved for a continuance until Ballard could be located and his attendance compelled. He urged that Ballard was a "key and exculpatory witness ... and that there cannot be a fair adjudication of the innocence or guilt of the [appellant] unless [Ballard] is present, or his testimony is presented somehow in this forum." The trial judge denied the motion stating "... even if [Ballard] were discovered next week and we had a continuance, by the time we got all the parties back down here, he might have disappeared again. It's a dilemma because I know of no authority to hold him in custody as a civilian in a trial before a military court." When the defense counsel suggested that a "evidentiary deposition" was a possibility, the judge, nevertheless, adhered to his prior ruling.

The right of an accused to compel the attendance of witnesses in his behalf is a fundamental principle of military law and the failure to afford this right is an abridgement of military due process. R.C.M. 703; *United States v. Blackwell*, 24 C.M.R. 895 (A.F.B.R.1957). As Chief Judge Everett succinctly stated in *United States v. Hinton, supra*, at page 271, "No witness—military or civilian—may be allowed to thumb his nose at the lawful process of a court-martial." Appellate government counsel argue that *Hinton, supra*, is inapposite. In their view *Hinton* stands for the proposition that if a *subpoenaed* witness refuses to appear for a court-martial, a writ of attachment should be issued and served by a federal marshal. They contend that the government made a good faith effort to locate Ballard, but was unable to serve him with a subpoena to appear on 29 May as a witness for the appellant. Thus, the stated precondition for issuance of a warrant of attachment did not exist.

■■■ We read *Hinton* as a clear and uncompromising reaffirmance of an accused's

right to compel the attendance of a witness whose testimony is vital to his defense; that Ballard fit this category is not open to debate. *See United States v. Mow,* 22 M.J. 906 (N.M.C.M.R.1986). Ballard honored the first subpoena, but refused to appear in response to the second. In our view, Ballard's refusal to honor the subpoena ordering his appearance on 12 May gave the trial judge the authority to direct that a warrant of attachment be issued to compel his attendance. The proceedings against the appellant had not been abandoned, but merely continued in order to obtain a grant of immunity for Ballard. *See generally People v. Craft,* 8 Ill.App.3d 131, 289 N.E.2d 246 (1972); *see also Morelli v. Superior Court of Los Angeles County,* 1 Cal.3d 328, 82 Cal.Rptr. 375, 461 P.2d 655 (1969). Ballard had a duty to appear on 12 May and by failing to do he became subject to a warrant of attachment to be executed by a United States marshal. R.C.M. 703(e)(2)(G)(iv).

For the reasons stated we hold that the trial judge erred in not issuing a warrant of attachment to compel Ballard's attendance as a witness on the appellant's behalf. *United States v. Hinton, supra.* The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge HOLTE concur.