**UNITED STATES**

v.

**Staff Sergeant Steven E. PRINCE, FR 571–04–9514 United States Air Force.**

**ACM S27328.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1986.

Decided 24 April 1987.

Approved sentence: Bad conduct discharge, confinement for four (4) months and reduction to airman basic.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Deborah A. Baker and Major Thomas O. Maser, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

### DECISION

PER CURIAM:

Despite a plea of not guilty the appellant was found guilty by military judge, sitting alone, of a specification of the wrongful use of cocaine. He claims on appeal that

he was prejudiced by a ruling which erroneously excluded relevant defense evidence. We agree, and we reverse.

Testing of a sample of the appellant's urine revealed the presence of the metabolite for cocaine. The appellant denied that he had knowingly used cocaine. He testified that he had learned shortly before trial that his wife had surreptitiously slipped cocaine powder into a mixed drink she prepared for him. He believed that this accounted for the positive urinalysis. The appellant's wife testified that she had, indeed, placed cocaine in her husband's drink without telling him. She explained that she was attempting to find a way to improve her husband's sexual performance and had used cocaine at her sister's suggestion that it might act as an aphrodisiac. The wife's credibility was attacked by the trial counsel during the cross-examinations of her and of the appellant.

The defense then called the wife's sister to the stand, ostensibly for the purpose of verifying that she had advised the appellant's wife that cocaine might assist in resolving her husband's problem. However, the military judge sustained a prosecution objection to the witness' testimony. This ruling was apparently based on Mil.R.Evid. 608(b), which provides in pertinent part: "Specific instances of conduct of a witness, for the purpose of attacking or supporting the credibility of a witness … may not be proved by extrinsic evidence." The defense counsel protested "that the defense is allowed to enter into evidence relevant evidence, that which might have a tendency to prove or disprove the truth of the matters we are introducing." He explained the specific relevance of the proffered testimony by observing:

> Your Honor, whenever a witness takes the stand, their credibility I believe, comes into issue. Obviously Mrs. Prince's is and we feel that it would be helpful to you if you knew where she found out the information because putting cocaine in your husband's drink would not seem to be something that a normal person would think of.

■ We have noted that the military judge's ruling was "apparently" based on Mil.R.Evid. 608(b). Our opinion is so premised. The military judge suggested in remarks from the bench that the proposed testimony might also constitute hearsay. However, we do not conclude from the record that this theory served as a basis for his ruling, and we will not pursue this possibility at length. The proffered testimony was not hearsay.

■ Appellate government counsel contend that due deference should be accorded to the military judge's discretion in not admitting the testimony of the appellant's sister-in-law. This argument would have some validity if we were to view the challenged ruling as discretionary in nature. In fact, the exclusion of the proffered testimony was based on a rule of evidence which had no applicability. Thus, discretion is not the issue.

■ If the focus of the proffered testimony by the appellant's sister-in-law had been an expression of her belief in the truth of the appellant's wife's account of placing cocaine in her husband's drink, Mil.R.Evid. 608(b) might appropriately be considered. Unless the witness purported to be an eyewitness to the event in question, such testimony would appear to be an impermissible form of bolstering. *United States v. Porta*, 14 M.J. 622 (A.F.C.M.R. 1982). The proposed focus of the testimony in this case was narrower. The witness, based on the defense counsel's proffer, would have testified that she suggested to the appellant's wife that she consider putting cocaine in her husband's drink. As defense counsel correctly noted, this was relevant testimony which had a tendency to support the defense theory of innocent ingestion. Mil.R.Evid. 401, 402. Before a military judge can either exercise or abuse his discretion he must at least consider an appropriate evidentiary rule. The military judge did not do so in this instance based on the record before us.

■ Considering the attacks which were launched at trial on Mrs. Prince's credibili-

ty, we conclude that the proffered testimony of her sister was more than merely cumulative in nature. The testimony "went to the core of appellant's defense." *See United States v. Williams,* 23 M.J. 724, 725 (A.F.C.M.R.1986) (the military judge erred in not granting a continuance pending location of a subpoenaed witness who had allegedly placed cocaine in the accused's beer). Appellate government counsel argue that if error was committed by the military judge it was not prejudicial. In this regard, they note expert rebuttal testimony which suggests "that appellant should have felt some physiological effects from the alleged unknowing ingestion...." We have not considered the impact of this testimony, as it is clear that the military judge, as trier of fact, did not consider it. He granted a defense motion to strike the testimony of the expert witness.

The ruling which excluded the proffered testimony of the appellant's sister-in-law denied the appellant the ability effectively to present his defense. Under the circumstances we find prejudicial error. The findings of guilty and the sentence are set aside. A rehearing may be ordered.