## UNITED STATES

v.

**Staff Sergeant Michael C. WARNER, FR 219–70–8886 United States Air Force.**

**ACM 26198.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 June 1987.

Decided 16 Dec. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Morris A. Tanner, Jr.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant pleaded guilty to wrongful use of marijuana and was found guilty in accordance with his plea. Despite pleas of not guilty he was also found guilty by a military judge, sitting alone, of two specifications alleging the wrongful use of cocaine. His approved sentence extends to a bad conduct discharge, confinement of nine months, forfeiture of all pay and allowances and reduction to airman basic.

The evidence of the two wrongful uses of cocaine consisted of the results of urinalyses reflecting that the appellant's urine contained the metabolite of cocaine. The appellant testified that he had encountered a friend, one Johnnie Anderson, in the suburban Washington, D.C., area on two separate occasions, each of which was shortly before he provided a urine sample. On both occasions he was invited to his friend's residence where he and female guests were served strawberry daiquiris by the host. The appellant estimated that he drank approximately four or five daiquiris on the first occasion and about five or six on the second occasion. He denied knowingly using cocaine but surmised that he might have unknowingly ingested the substance while drinking the daiquiris.

The appellant testified further that he had encountered his friend a third time following the urinalysis results and had queried him concerning his suspicions. The trial counsel made a timely hearsay objection to the receipt of testimony concerning the absent friend's response. This line of questioning was abandoned by the defense counsel. However, he subsequently offered the purported affidavit of Johnnie Anderson which, according to the appellant's testimony, had been received by him in the mail in response to his request to Anderson for assistance. The substance of the affidavit, although not made known in specific terms to the military judge prior to his ruling, supported the appellant's testimonial surmise that his friend had surreptitiously placed cocaine in the daiquiris he served to his guests on both occasions. The affidavit was offered by the defense as residual hearsay pursuant to Mil.R.Evid. 803(24). The military judge sustained a prosecution objection to the document. This ruling is cited as error by appellate defense counsel.

■ We have reversed rulings of military judges which hampered an accused in his efforts to develop an innocent ingestion defense through live witness testimony. *United States v. Prince*, 24 M.J. 643 (A.F. C.M.R.1987) (military judge sustained prosecution objection to questions posed to a defense witness); *United States v. Williams*, 23 M.J. 724 (A.F.C.M.R.1986) (military judge refused to compel attendance of a requested defense witness at trial following a proffer by the defense that he

would support an innocent ingestion theory). However, nothing we said in *Prince* or *Williams* detracts one iota from a military judge's obligation not to entertain evidence offered as residual hearsay which does not satisfy the "equivalent circumstantial guarantees of trustworthiness" of well-recognized hearsay exceptions. Mil.R. Evid. 803(24). The military judge at trial plays the key role of exercising his discretion in determining whether the guarantees are present in a given case. *United States v. Hines*, 23 M.J. 125, 135 (C.M.A.1986); *United States v. Crayton*, 17 M.J. 932, 935 (A.F.C.M.R.1984), *pet. denied*, 19 M.J. 57 (1984). We will not overturn a military judge's ruling absent an abuse of that discretion. *United States v. Crayton, supra.*

■ In proffering the affidavit at trial the defense counsel contended that it resembled a statement against penal interests, a recognized exception to hearsay. Mil.R.Evid. 804(b)(3). The trial counsel correctly noted that the hearsay exceptions enumerated in Mil.R.Evid. 804 are premised on the unavailability of the declarant. Whether or not the unexplained or inadequately explained absence of the declarant would automatically exclude the affidavit from consideration is an issue we need not reach.[1] However, the military judge could certainly consider the inherent lack of trustworthiness of a written statement purportedly against the author's penal interests provided from a presumably safe distance through the mail in lieu of the appearance of the declarant.

■ Appellate government counsel have correctly observed that a statement against apparent penal interests is not *ipso facto* vested with guarantees of reliability. Mil. R.Evid. 804(b)(3) provides in pertinent part: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless

corroborating circumstances clearly indicate the trustworthiness of the statement." As the Court of Military Appeals has recently noted the circumstances of the statement may render it "presumptively suspect." *United States v. Dill*, 24 M.J. 386, 387 (C.M.A.1987), citing *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986). The context in which a statement purportedly against penal interests is uttered may tend to reflect that the declarant's penal interests are not realistically affected. See Chief Judge Everett's discussion in *United States v. Baran*, 22 M.J. 265, 268–269 (C.M.A.1986) (concurring opinion). Herein, the military judge had no meaningful context to evaluate in determining the reliability of the statement proffered by the defense. He could hardly have regarded the statement to be anything other than highly suspect. While the record indicates that the military judge did not actually view the proffered statement prior to ruling he was advised by counsel that the statement was not executed in the usual affidavit format, nor did it contain a jurat signifying that the author had sworn to the contents of the statement.

Based on our review of the rejected exhibit we find nothing which would be likely to have prompted a different ruling if it had been made known to the military judge. The statement bears the signature of a notary public in Wayne County, Michigan, far removed from the residence in the Washington, D.C., suburbs referred to by the appellant in his testimony. The signature of Johnnie Anderson, the notarial signature and seal appear above the typewritten text of a page and a quarter submission addressed "To Whom it May Concern." The statement is otherwise unsigned, and it is undated. It is impossible to determine whether the notarial signature and seal were placed on the document before or

---

1. Arguably the proffer should have been made and considered pursuant to the residual hearsay exception provision of Mil.R.Evid. 804(b)(5) inasmuch as the defense was relying primarily on a statement against penal interest theory of reliability. At best, the failure of the defense to secure Anderson as a witness was inadequately explained at trial. Therefore, it is highly questionable that the defense could have developed a legitimate basis for admission of the statement under Mil.R.Evid. 804(b)(5) in any case.

after the text was accomplished, and, if they were placed afterwards, why they were placed above the text.

Contrary to what has been suggested as prudent trial practice, the military judge did not state on the record with particularity "the special facts and circumstances" which convinced him that the statement lacked sufficient guarantees of trustworthiness for admission. *See United States v. Hines, supra,* 23 M.J., at 135. In deference to the military judge, however, the circumstances surrounding the making and execution of the Anderson statement were unknown. The military judge had only his judicial experience and common sense to guide him in assessing its reliability. In this case, that was sufficient guidance. We find that he did not abuse his discretion in declining to admit the statement.[2]

■ Appellate defense counsel have advanced a broader Constitutional issue in urging that the military judge erred. Counsel contend that the ruling which excluded the Anderson statement deprived the appellant of due process by denying him the right to present a defense. This is a somewhat different Constitutional context from that we normally encounter in reviewing residual hearsay issues. Many times residual hearsay issues which reach the military appellate level have concerned the admission of evidence against an accused and the resulting Confrontation Clause considerations. See, for example, the discussions in *United States v. Barror,* 23 M.J. 370 (C.M.A.1987); *United States v. Hines, supra; United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.1982), *pet. denied,* 13 M.J. 494 (1982). The government's ability to confront potential defense witnesses probably does not raise an issue of similar Constitutional dimension to the ability of an accused to confront his accusers. However, basic standards of reliability concern-

ing declarations by those not present in court must be observed. The hearsay principles embodied in Mil.R.Evid. 803 and 804 apply to both parties in a court-martial. Nothing in the Constitution vests a military accused with the right to obtain consideration of that which is determined to be untrustworthy. *United States v. Henderson,* 18 M.J. 745 (A.F.C.M.R.1984), *pet. denied,* 19 M.J. 243 (1984).

*Henderson, supra,* deserves special mention, inasmuch as it involves a factual situation analogous to that at hand. Therein, we held that the military judge's rejection of a defense residual hearsay submission was not error. The submission consisted of a letter purportedly signed by the accused's daughter in which she partially recanted allegations of sexual abuse against her father. Therein, we noted that the trial court had no evidence concerning the authenticity of the writing and signature nor of the circumstances surrounding the preparation of the letter. *Id.,* 18 M.J., at 747. We find no persuasive basis for distinguishing the *Henderson* rationale in the instant case. On the other hand, our holdings in *Prince* and *Williams,* which we cited at the outset, are clearly distinguishable. Neither case was resolved on a hearsay issue. In each case we found that the affected accused had been denied relevant live witness testimony, immediately available in one instance and probably obtainable through appropriate order in the other. The proffer of a purported affidavit prepared under unknown circumstances rests on far less secure ground. We find no merit in the due process argument.

Appellate defense counsel argue, in the alternative, that, if the Anderson statement was properly excludable, the trial defense counsel provided inadequate representation in failing to exert his best efforts in securing Anderson's presence at trial. Having

---

2. Although neither the defense counsel at trial nor appellate defense counsel have advanced the thought that the military judge might have admitted the statement, and, as trier of fact, accorded it whatever weight he deemed that it merited, this would not have been an appropri-

ate disposition. Commendably, the military judge avoided any temptation to so rule in this case. "Safe" rulings are not always good rulings. Proffered evidence which is found not to have sufficient guarantees of trustworthiness for admissibility should not be considered.

reviewed the trial defense counsel's affidavit which was submitted in response to this argument, we conclude that there is no merit to this contention. *United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge BLOMMERS concur.